[No. 34457-9-I. Division One. June 12, 1995.]

JERRY WOODHEAD, *Appellant*, v. DISCOUNT WATERBEDS, INC., ET AL., *Respondents*.

---

*Richard Llewelyn Jones* and *Miller & Jones*, for appellant.

*Law Offices of Douglas W. Scott*, for appellant.

*Roger Leslie Barbee*, for respondent Jenson.

*Richard L. Evans* and *Douglas Walter Scott*, for respondent Jenson.

*James Louis Austin, Michael Todd Davis*, and *Karr Tuttle Campbell*, for respondent Nees.

*Edwin S. Budge* and *Karr Tuttle Campbell*, for respondent Nees.

*Joseph G. Nolan*, for respondent Chicago Title Insurance Company.

*Douglass S. Tingvall*, for John L. Scott Real Estate.

Cox, J. — Jerry Woodhead appeals the trial court's order dismissing his breach of contract action with prejudice for failure to comply with court rules and orders regarding service of process. We affirm.

Woodhead leased from Discount Waterbeds, Inc., an improved parcel of property that was the subject of a written lease. The lease contained a provision giving Woodhead a 30-day right of first refusal with respect to any purchase offer received by Discount. Defendants John E. Nees and his wife entered into a written agreement to purchase the property from Discount. There is evidence in the record that Doug Jensen, president of Discount, personally delivered a copy of the sale agreement to Woodhead on August 14, 1993. When Woodhead failed to exercise his right of first refusal by mid-September 1993, Nees and Discount proceeded to close the sale.

Shortly after closing, Woodhead commenced this action for breach of the lease, claiming that he had not received notice of the pending sale and had not been given an opportunity to exercise his right of first refusal. He also re-

corded a lis pendens against the property. A scheduling order issued by the court directed that confirmation of service under local court rules be filed on or before November 3, 1993. The order provided further that sanctions, including but not limited to those set forth in CR 37, would be imposed for noncompliance.

Terry P. Watkins,[1] the attorney below for Woodhead, then obtained an ex parte order permitting Woodhead to pay rent into the registry of the court. As a result of that order, neither Nees nor Discount received any rent for the property leased by Woodhead.

On February 9, 1994, Nees filed a motion to dismiss for Woodhead's failure to effect service on any of the defendants during the four months after he filed the complaint and for his failure to file a confirmation of service as required by King County Local Rule (KCLR) 4.2 and the scheduling order. Nees argued that Woodhead's failure to effect service was a deliberate delay tactic, since all of the defendants are located in Washington and are readily available for service.

Based on its findings that Woodhead's failure to comply with court rules and orders regarding service of process was willful, that the defendants were prejudiced thereby, and that Woodhead's counsel made deliberate attempts to mislead the court, the trial court granted the motion to dismiss with prejudice. The court also awarded terms in favor of Nees and Discount in the amount of $2,000 and $1,500 respectively. This appeal followed.

## I.

### DISMISSAL WITH PREJUDICE

Woodhead first argues that the trial court abused its discretion when it dismissed his case with prejudice for failure to file a confirmation of service pursuant to the trial court's scheduling order and the King County Local

---

[1]Woodhead has retained new counsel on appeal. Terry P. Watkins no longer represents Woodhead.

Rules. No Washington case has yet specifically addressed a trial court's authority to dismiss an action with prejudice for failure to comply with a case scheduling order issued pursuant to KCLR 4 or for failure to timely file a confirmation of service pursuant to KCLR 4.2. But the question whether a court has the power to dismiss a case with prejudice solely because of a violation of a scheduling order by failure to file a confirmation of service is not before us. The issue before us is whether such a failure, *together with* the other conduct referenced in the trial court's findings, warrants dismissal with prejudice.

Under CR 41(b), a trial court has the authority to dismiss an action for noncompliance with a court order or court rules. *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 166, 169, 750 P.2d 1251 (1988); *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 37, 823 P.2d 518 (1992) (under the first sentence of CR 41(b), a trial court may exercise its discretion to dismiss an action based on a party's willful noncompliance with a reasonable court order); *Jewell v. Kirkland*, 50 Wn. App. 813, 817, 750 P.2d 1307 (1988) (the trial court is vested with the authority to impose reasonable sanctions for the breach of reasonable rules). A trial court also has the discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Wagner v. McDonald*, 10 Wn. App. 213, 217, 516 P.2d 1051 (1973). It may impose such sanctions as it deems appropriate for violation of its scheduling orders to effectively manage its caseload, minimize backlog, and conserve scarce judicial resources. *See* KCLR 4(h).[2]

 As Woodhead notes, it is the general policy of

---

[2]KCLR 4(h) addresses enforcement of the scheduling order:

*Enforcement.* The Court, on its own initiative or on motion of a party, may order an attorney or party to show cause why sanctions or terms should not be imposed for failure to comply with the Case Schedule established by these rules. If the Court finds that an attorney or party has failed to comply with the Case Schedule and has no reasonable excuse, the Court may order the attorney or party to pay monetary sanctions to the Court, or terms to any other party who has incurred expense as a result of the failure to comply, or both; in addition, *the Court may impose such other sanctions as justice requires.* As

Washington courts not to resort to dismissal lightly. *Anderson v. Mohundro*, 24 Wn. App. 569, 575, 604 P.2d 181 (1979) (because dismissal is the most severe sanction which a court may apply, its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited), *review denied*, 93 Wn.2d 1013 (1980). Where, however, a court has found that a party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice and has prejudiced the other side by doing so, dismissal has been upheld as justified. *Anderson*, 24 Wn. App. at 575. Disregard of a court order without reasonable excuse or justification is deemed willful. *Allied Financial Servs., Inc. v. Mangum*, 72 Wn. App. 164, 168, 864 P.2d 1, 871 P.2d 1075 (1993) (citing *Lampard v. Roth*, 38 Wn. App. 198, 202, 684 P.2d 1353 (1984); *Anderson*, 24 Wn. App. at 574). A trial court's order dismissing an ac-

---

used in this rule, "terms" means costs, attorney fees, and other expenses incurred or to be incurred as a result of the failure to comply; the term "monetary sanctions" means a financial penalty payable to the Court; *the term "other sanctions" includes but is not limited to the exclusion of evidence.*

(Italics ours.) The official comment to the Local Rules provides the following additional guidelines to the trial court in applying KCLR 4:

*Enforcement.* In applying section (h) of this rule, regarding enforcement of the Case Schedule, the following guidelines will be considered by the Court:

(a) If a party's failure to comply with the Case Schedule requires another party to bring a motion for default or other relief, terms will ordinarily be assessed against the offending attorney or party and in favor of the party who incurred expense as a result of the failure to comply, unless the Court makes a specific written determination that there was a reasonable excuse for the failure to comply or that the imposition of terms or sanctions would be unfair.

. . .

(c) *These remedies for failure to comply with the Case Schedule are not intended to be exclusive. The Court retains its authority to take other measures, including but not limited to the exclusion of evidence in a particular case, if justice so requires.*

. . .

(f) *The foregoing description of possible sanctions for failure to comply with the Case Schedule is not meant to imply that the Court lacks authority to impose such sanctions for failure to comply with other Court rules, either local or statewide.*

(Italics ours.)

tion under CR 41 is reviewed for abuse of the court's discretion. *Jewell*, 50 Wn. App. at 817. A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds. *Hizey v. Carpenter*, 119 Wn.2d 251, 268, 830 P.2d 646 (1992).

Here the trial court explicitly found that "there has been a willful failure to comply with the court's rules and process requirements". In denying Woodhead's motion for reconsideration, the trial court elaborated:

> there has been a wilful and deliberate disregard by the plaintiff of reasonable and necessary court orders prejudicial to the defendants, of the rights of the defendants Nees to notice, and of the judicial process (including attempts to mislead the Court by false claims that the plaintiff had been effecting service on the defendants and that the plaintiffs counsel had not been served with the motion [to dismiss] of defendants Nees) . . ..

Woodhead does not assign error to the trial court's finding that his failure to comply with court rules or the court's order regarding service of process in this case was willful and deliberate. He also fails to assign error to the trial court's finding that defendants were prejudiced by his actions. The most damaging unchallenged finding is that Woodhead willfully and deliberately attempted to mislead the court by false claims of effecting service and lack of proper notice of the motion to dismiss. Unchallenged findings are treated as verities on appeal. *Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 433, 723 P.2d 1093 (1986). Woodhead's willful and deliberate failure to effect service and to comply with the case scheduling order and the requirements of KCLR 4.2, *together with* the deliberate attempts to mislead the court by false claims, justifies the trial court's conclusion that the actions in this case amounted to an abuse of judicial process. Because the trial court's dismissal of this action was neither manifestly unreasonable nor based on untenable grounds in these circumstances, the trial court did not abuse its discretion in dismissing this case with prejudice. *See Hizey*, 119 Wn.2d at 268.

■ The question remains whether we should reverse the trial court's dismissal for failure of the trial court to consider on the record whether lesser sanctions would have sufficed. We have held that, as a general principle, a trial court must consider on the record whether a lesser sanction would suffice, in addition to making clear on the record whether the factors of willfulness and prejudice are present. *See White v. Kent Medical Ctr., Inc.*, 61 Wn. App. 163, 176, 810 P.2d 4 (1991). In *White*, however, the trial court had not considered any of these questions on the record. *See* 61 Wn. App. at 176.

Here, the trial court made specific findings with respect to both willfulness and prejudice, and Woodhead has failed to provide any evidence in the record before us on appeal that the trial court failed to make the required findings with respect to lesser sanctions. Moreover, here the record *is* clear that the question whether lesser sanctions should be imposed was before the trial court. The motion to dismiss argued in the alternative for the imposition of lesser sanctions, and an alternative form of order providing for the imposition of such sanctions was also before the court. We further note that Woodhead's own memorandum in support of his motion to dismiss acknowledges that Nees sought alternative relief in the form of sanctions imposed under KCLR 4(h) if the court denied the motion to dismiss.

In the face of conduct as egregious as that below, and in the absence of any basis in this record for finding that the question whether lesser sanctions should be imposed was not before the court, we decline to reverse the trial court's ruling on the basis that the trial court failed to consider on the record lesser sanctions.

## II.

### IMPOSITION OF TERMS

Woodhead next argues that the trial court abused its discretion by imposing terms directly on him and not on his attorney. While both parties assume that terms were

imposed directly on Woodhead and not on his attorney, the order, which states only "the Court awards terms in favor of defendants", is itself unclear as to this point. Because the wording is ambiguous with respect to whom the terms apply, we interpret the terms to apply against Woodhead *and* his attorney, jointly and severally.

As noted above, KCLR 4(h) permits a court to impose terms for failure to comply with the case scheduling order in the absence of any finding that the failure to comply was reasonable. Here, the trial court not only failed to find that Woodhead's failure to comply was reasonable, but found that his failure to comply was willful and deliberate and was compounded by deliberate attempts to mislead the court. Absent a finding that Woodhead's failure to comply was reasonable, the trial court was authorized either to impose terms on the offending party or to impose sanctions on his attorney. KCLR 4(h). While Woodhead argues for the first time in this appeal that he, as the client, should not be held accountable for failure to comply with a local rule he did not know, the lack of compliance in this case was not only with the local rule but with an order entered by the court specific to this case. Woodhead's attempt to avoid the imposition of terms on the ground that he is not responsible for his attorney's actions also fails since, absent fraud, the actions of an attorney authorized to appear on behalf of a client are binding on the client. *See Northwest Land & Inv., Inc. v. New West Fed. Sav. & Loan Ass'n*, 64 Wn. App. 938, 945, 827 P.2d 334, *review denied*, 120 Wn.2d 1002 (1992); *Jewell*, 50 Wn. App. at 822. Because the trial court's imposition of terms on Woodhead was neither unreasonable nor based on untenable grounds given its findings with respect to willfulness, the trial court did not abuse its discretion in imposing terms. *See Hizey*, 119 Wn.2d at 268.

Finally, Woodhead relies on *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 675 P.2d 193 (1983) and *Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 798 P.2d 1155 (1990) to argue that the trial court's order

imposing terms must be reversed for failure to enter findings regarding the amount of the sanction. Both these cases, however, are specifically concerned with the method to be used in determining whether an award of attorney fees is reasonable. *Bowers*, 100 Wn.2d at 593-601; *Rhinehart*, 59 Wn. App. at 339-41. At issue in this case is not an award of reasonable attorney fees but the imposition of terms. *Bowers* and *Rhinehart* therefore do not apply to the circumstances of this case. In the absence of citation to relevant authority, we may assume that counsel has found none, and we need not consider the issue. *State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171, *cert. denied*, 439 U.S. 870 (1978).

We affirm the trial court's dismissal of this action with prejudice.

GROSSE and AGID, JJ., concur.

Review denied at 128 Wn.2d 1008 (1996).