[No. 44449-2-I.   Division One.   May 30, 2000.]

ANDREW APOSTOLIS, *Appellant*, v. THE CITY OF SEATTLE, ET AL., *Respondents*.

*Paul H. King*, for appellant.

*Mark H. Sidran, City Attorney*, and *Danford D. Grant, Assistant*; and *Christine O. Gregoire, Attorney General*, and *Spencer W. Daniels, Assistant*, for respondents.

BAKER, J. — Andrew Apostolis filed a complaint against the City of Seattle alleging unfair labor practices. The Public Employment Relations Commission (PERC) dismissed most of the allegations for failure to state a cause of action, and denied Apostolis's petition for review. On appeal, the King County Superior Court dismissed the petition for review with prejudice on two separate grounds: first, as a sanction for deliberate failure to follow the case schedule and court orders; and second, because Apostolis failed to meet his burden to demonstrate the invalidity of PERC's decision. We affirm.

I

Apostolis filed an amended complaint alleging unfair labor practices. He claimed that he was unfairly written up

and later terminated for his advocacy of eliminating crew chiefs from the bargaining unit and for his complaints about disciplining the workforce unfairly, and about not having a shop steward present during questioning by management. The Executive Director of PERC dismissed all but one of the allegations for failure to state a cause of action under chapter 41.56 RCW. The order stated that the complaint did not allege employer knowledge and that the facts as alleged were insufficient to warrant a hearing. Apostolis filed a petition for review, which was dismissed for insufficiency of service.[1] The Executive Director later issued an order correcting preliminary ruling, dismissing the previously retained allegation and reinstating portions of another. Apostolis then filed a petition for review with the full Commission, and the ruling was affirmed.

Apostolis then filed a petition for review of PERC's decision in King County Superior Court. Apostolis failed to serve the City with a copy of the case schedule. The City requested the case schedule, and Apostolis provided it more than a month after the request. Apostolis filed his brief three weeks late, more than a week after the City's responsive brief was due and filed. Counsel for Apostolis claimed that his brief was late because the court computer system showed that the file was checked out during the week that the brief was due. Counsel also stated that he "wasn't really that concerned" because in his opinion the assigned judge had been "pretty lenient on late briefs."

The court issued an order requiring the parties to attend a pretrial conference, but counsel for Apostolis did not appear. In addition, Apostolis failed to engage in the mediation requirements specified in the case schedule and court orders. Counsel admitted that he did not remember seeing the court's notice and stated that in his experience pretrial and settlement conferences are not generally held in review cases, so he probably did not make a note of it.

---

[1] The dismissal was affirmed by the King County Superior Court and by this court in *Apostolis v. City of Seattle*, No. 41402-0-I (Wash. Ct. App. Jan. 19, 1999).

Counsel later stated that he never received the documents because of a clerical error.

Apostolis filed his reply brief 10 days late. Despite taking additional time to complete the brief, counsel for Apostolis based much of his argument at the review hearing on an uncited case which was presented for the first time that day. Counsel provided no excuse for these incidents, other than his belief that the judge did not care whether the briefs were late.

The court dismissed Apostolis's petition for review with prejudice on two separate bases, each of which stands alone. First, the court found that Apostolis's failure to follow the case schedule and court orders was willful, deliberate, and not inadvertent, and that these failures prejudiced the City and the court. Second, the court concluded that Apostolis failed to meet his burden of demonstrating the invalidity of PERC's action under the standard of review set forth in RCW 34.05.570(3). The court denied a subsequent motion for reconsideration. Apostolis appeals.

## II

■ A trial court's order dismissing a case for noncompliance with court orders or rules is reviewed for abuse of discretion.[2] A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds.[3]

■ Decisions of PERC in unfair labor practices cases are reviewed under the standards set forth in the Administrative Procedures Act (APA), ch. 34.05 RCW.[4] Under RCW 34.05.570(3), the court shall grant relief from an agency order in an adjudicative proceeding if the agency has erroneously interpreted the law; or the order is inconsistent with a rule of the agency unless the agency explains

---

[2] *Woodhead v. Discount Waterbeds, Inc.*, 78 Wn. App. 125, 130-31, 896 P.2d 66 (1995).

[3] *Hizey v. Carpenter*, 119 Wn.2d 251, 268, 830 P.2d 646 (1992).

[4] *Pasco Police Officers' Ass'n v. City of Pasco*, 132 Wn.2d 450, 458, 938 P.2d 827 (1997).

the inconsistency by stating facts and reasons to demonstrate a rational basis for the inconsistency; or the order is arbitrary and capricious. The burden of demonstrating the invalidity of agency action is on the party asserting invalidity.[5]

Apostolis argues that the record does not support a finding of willful, intentional and deliberate disregard of court orders necessary to justify the extreme sanction of dismissal because he did not act in bad faith or attempt to mislead the court. He argues that counsel's failure to attend the required pretrial and settlement hearings resulted from a clerical error, and that counsel was unable to file a timely brief because the clerk's office lost the file. He further argues that the City failed to demonstrate that it had been prejudiced by counsel's acts and omissions.

CR 41(b) authorizes a trial court to dismiss an action for noncompliance with court orders.[6] The court may impose such sanctions as it deems appropriate for unexcused violations of its scheduling orders.[7] Dismissal is justified when a party acts in willful and deliberate disregard of reasonable and necessary court orders, the other party is prejudiced as a result, and the efficient administration of justice is impaired.[8] Disregard of a court order without reasonable excuse or justification is deemed willful.[9]

■ Here, counsel for Apostolis freely admits that he made a conscious decision to file his brief late based on his belief that the judge did not really care whether briefs were timely. This excuse is grossly unacceptable. Furthermore, his argument that the brief was late because the file was lost is equally unconvincing. First, he did not attempt to check the file out until four days after the brief was due. Next, when he discovered that the case file was checked out,

---

[5] RCW 34.05.570.

[6] *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 37, 823 P.2d 518 (1992).

[7] King County Local Rule 4(g); *Woodhead*, 78 Wn. App. at 129.

[8] *Woodhead*, 78 Wn. App. at 130.

[9] *Woodhead*, 78 Wn. App. at 130.

he failed to ask for an extension. Instead, he waited until three weeks after the brief was due to contact the clerk's office regarding the whereabouts of the missing file. The City, which evidently took the case schedule seriously, was forced to file its brief before receiving Apostolis's opening brief. As a result, the City never had a written opportunity to respond to Apostolis's brief and had to draft its arguments without learning the bases for Apostolis's challenge of PERC's decision. Moreover, Apostolis also filed an untimely reply brief and then based most of his argument before the trial court on another case that had not been previously briefed. This made identification and adjudication of the issues more burdensome for the court. Both the City and the court were prejudiced by this inexcusable behavior.

Moreover, even though Apostolis was required to serve a copy of the case schedule to the City, the City was forced to submit a written request for it to Apostolis. Even then, he did not provide the City with a copy until more than a month after the request was made. Apostolis failed to engage in settlement requirements as set forth in the original case schedule. He argues that he was not notified of the settlement and pretrial conference requirements due to a clerical error, and that he had no reason to believe that such requirements existed because such conferences are not generally held in review cases. But Apostolis should have known about the settlement requirements because they appeared in the original case schedule and were referred to in the City's brief, which Apostolis had received one week earlier.

■ Washington courts should not resort to dismissal lightly.[10] Although counsel for Apostolis did not deliberately attempt to mislead the court as the offending party in *Woodhead* did, his conduct was clearly willful and deliberate as opposed to merely inadvertent. Therefore, the trial court did not abuse its discretion in dismissing the case on these grounds.

[10] *Anderson v. Mohundro*, 24 Wn. App. 569, 575, 604 P.2d 181 (1979).

For the first time at oral argument, Apostolis claimed that the trial court erred in failing to consider lesser sanctions as required by *Woodhead*. However, Apostolis did not provide an assignment of error regarding this issue as required by RAP 10.3(a)(3), nor did he raise the issue elsewhere in his brief. We need not consider issues raised for the first time at oral argument,[11] and hence decline to address it.

Next, Apostolis argues that PERC erred in ruling that his amended complaint did not contain sufficient facts from which it could be inferred that his employer was aware of statements he made at a union meeting.[12] He claims that PERC should have inferred employer knowledge because the amended complaint clearly stated that "Lenny Hull, a supervisor and crew chief at the Seattle Center . . . attempted to intimidate the complainant by 'staring him down' at the meeting." He contends that PERC should have used the well-established National Labor Relations Board (NLRB) rule that a supervisor's knowledge of employee activities will be imputed to the employer.[13]

■ ■ WAC 391-45-050(2) specifically requires that an unfair labor practices complaint submitted to PERC must contain "[c]lear and concise statements of the facts constituting the alleged unfair labor practices, including times, dates, places and participants in occurrences." The facts set forth in the complaint "must be sufficient to make intelligible findings of fact in a 'default' situation."[14] Furthermore, PERC requires a more detailed complaint than the NLRB:

---

[11] RAP 12.1(a); *State v. Johnson*, 119 Wn.2d 167, 170-71, 829 P.2d 1082 (1992).

[12] Based on Apostolis's assignments of error, it appears that he does not dispute PERC's dismissal of paragraph C of his complaint (being unfairly written up) because the statute of limitations expired. All of the alleged errors by PERC relate to PERC's determination that the complaint failed to allege employer knowledge.

[13] *Dr. Phillip Megdal*, 267 N.L.R.B. 82 (1983).

[14] *International Ass'n of Fire Fighters v. Thurston County Fire Dist. 3*, No. 3830, Pub. Employment Relations Comm'n (July 29, 1991).

While the NLRB would investigate based on a "charge" containing only minimal facts, the Commission's rules require the filing of a complaint which contains full details of the dates, times and participants in occurrences. The Executive Director must make a preliminary ruling based on what is contained within the four corners of the complaint.[15]

(Citation omitted.)

Here, Apostolis's amended complaint did not allege employer knowledge. It merely describes Lenny Hull as a "supervisor and crew chief." The complaint permits an inference that Hull was part of the same bargaining unit as Apostolis, but there is nothing within the four corners of the complaint to indicate employer knowledge. It appears that Apostolis's statements were made at union meetings to other union members.

Apostolis also contends that this decision is inconsistent with PERC's practice of putting supervisors in a separate bargaining unit.[16] But if supervisors are placed in different bargaining units, and Hull and Apostolis were in the same unit, the logical inference is that Hull, a crew chief, was not the type of supervisor for which employer knowledge can be inferred. Employer knowledge cannot be inferred from the fact that Apostolis advocates removal of crew chiefs from his bargaining unit.

Next, Apostolis contends that PERC should have inferred employer knowledge by applying the "small plant doctrine." This argument is unpersuasive for the same reasons discussed above. Under the "small plant doctrine," employer knowledge of union activities is inferred where such activities are conducted in a relatively small work environment, and are carried on in such a manner or at such times that it may be presumed that the employer must have noticed them.[17] Apostolis's complaint stated that his bargaining

---

[15] *City of Tacoma*, Nos. 4053-B, 4075-A, 4076-A, PERC (May 19, 1992).

[16] *International Ass'n of Fire Fighters, Local 1052 v. Public Employment Relations Comm'n*, 29 Wn. App. 599, 609-10, 630 P.2d 470 (1981).

[17] *International Ass'n of Fire Fighters*, No. 3610, PERC, at 44 (Oct. 26, 1990).

unit numbers 800 employees, and made a conclusory statement that "Seattle Center is a small plant." Apostolis claims that PERC jumped to the conclusion that there are 800 people at the plant. However, this mischaracterizes PERC's decision. PERC simply stated that there was nothing specific in the complaint to indicate that the small plant doctrine should apply to the Seattle Center.

Next, Apostolis contends that PERC erred in ruling that the employer's unfair labor practices could not be inferred from the record to be built at trial. Again, Apostolis mischaracterizes PERC's decision. PERC never stated that it would not have been able to infer employer knowledge from the record as a whole, had the case proceeded to trial. PERC merely stated that the complaint lacked sufficient detail from which it could infer employer knowledge, and thus a cause of action.

Next, Apostolis argues that PERC erred in ruling that employer knowledge could not be inferred from his assertion that the employer has a long history of retaliatory discharges and that the discharge followed soon after the employees engaged in protected speech. But there is nothing in the record to support Apostolis's claim that Seattle Center has a history of anti-union activities. This argument is without merit.

Finally, Apostolis argues that PERC's decision to require detailed pleadings runs counter to the historical trend in the use of pleadings and to the civil rules. However, the civil rules apply to Superior Court, not to PERC. As discussed above, PERC's pleading requirements are specified in WAC 391-45-050(2). The regulations require full details of the occurrences such that the executive director may make a preliminary ruling based on what is contained in the four corners of the complaint. Given PERC's pleading requirements as specified by state regulations, PERC's decision to dismiss the case because the complaint was not sufficiently specific was not arbitrary and capricious or contrary to law.

We conclude that the trial court did not abuse its discretion in dismissing Apostolis's case as a sanction for acting in

willful and deliberate disregard of court orders, or in upholding PERC's decision to dismiss most of Apostolis's complaint for failure to establish sufficient facts from which employer knowledge could be inferred. Apostolis has failed to meet his burden of demonstrating that PERC's decision was arbitrary and capricious or contrary to law.

Affirmed.

AGID, C.J., and GROSSE, J., concur.