69 P.3d 877 (2003)
Suzanne DELACEY, Appellant,
v.
CLOVER PARK SCHOOL DISTRICT, Appellants.
No. 28452-9-II.
Court of Appeals of Washington, Division 2.
May 9, 2003.
Publication Ordered June 3, 2003.
*878 Frederick Henry Gautschi, Harrell Desper Connell Hunter & Gautschi, Seattle, WA, Larry James King, Attorney at Law, Olympia, WA, for appellants.
Daniel C Montopoli, Attorney at Law, Tacoma, WA, Spencer Walter Daniels, Attorney at Law, Olympia, WA, William A Coats, Attorney at Law, Tacoma, WA, for respondents.
SEINFELD, J.
Suzanne DeLacey filed a notice of appeal to the Public Employment Relations Commission (PERC) challenging a hearing examiner ruling that dismissed her unfair labor practices complaint. Although the notice was timely, it failed to specify the claimed errors as WAC[1] XXX-XX-XXX(3) (2001) requires. PERC dismissed the appeal, and the superior court affirmed. DeLacey appeals, contending that PERC erred in failing either to find substantial compliance or to waive procedural deficiencies. Finding no error of law or abuse of discretion, we affirm.

FACTS
After DeLacey, a certificated teacher in the Clover Park School District, received a poor performance rating, she authorized her union to prepare a settlement document in which she agreed to resign. The District accepted her resignation on January 27, 1998.
In April 1998, DeLacey filed an unfair labor practices complaint with PERC, alleging that the District violated RCW 41.59.140(1)(a), (c)[2] by (1) discriminating against her because she filed a grievance and because of her union activity; and (2) refusing to allow her to have a union representative at the meeting to discuss her probationary plan. On May 18, 2000, PERC dismissed the complaint on its merits.
DeLacey filed a notice of appeal on June 2, 2000, which stated in full:
Pursuant to WAC 391-45-350 comes now the complainant, Suzanne DeLacey in the above captioned matter, and notifies the Commission and parties of her intent to exercise her right to appeal the recent decision of Examiner Rex L. Lacy dated May 18, 2000.
Clerk's Papers at 51. The District moved to dismiss, arguing that DeLacey's notice of appeal was insufficient under WAC 391-45-350(3).
DeLacey filed an amended notice of appeal on June 22, 2000.[3] PERC dismissed the *879 appeal based on DeLacey's failure to comply with WAC 391-45-350, finding the notice of appeal insufficient and the amended notice of appeal untimely.
DeLacey petitioned Thurston County Superior Court for review of PERC's dismissal of her appeal, alleging that PERC erroneously interpreted and applied Washington law. The trial court denied the petition, and DeLacey appeals.

DISCUSSION

I. STANDARD OF REVIEW
We review a PERC decision in an unfair labor practice case according to the standards in the Administrative Procedures Act (APA), RCW 34.05. Pasco Police Officers' Ass'n v. City of Pasco, 132 Wash.2d 450, 458, 938 P.2d 827 (1997). As we conduct our review, we sit in the same position as the superior court, applying the standard in RCW 34.05.570 directly to the agency record. Postema v. Pollution Control Hearings Bd., 142 Wash.2d 68, 77, 11 P.3d 726 (2000). A petitioner is entitled to relief if, among other reasons (1) the agency has erroneously interpreted or applied the law; or (2) the agency order is arbitrary and capricious. RCW 34.05.570(3)(d), (i).
DeLacey claims that PERC erroneously interpreted and applied Washington law. Under the error of law standard, we may substitute our interpretation of the law for that of PERC but we generally give substantial weight to an agency's view of the law if it falls within the agency's expertise. Pasco Police Officers' Ass'n, 132 Wash.2d at 458, 938 P.2d 827; Children's Hosp. and Med. Ctr. v. Dept. of Health, 95 Wash.App. 858, 864, 975 P.2d 567 (1999). The party asserting the invalidity of the agency action has the burden to demonstrate it. RCW 34.05.570(1)(a); Apostolis v. City of Seattle, 101 Wash.App. 300, 304, 3 P.3d 198 (2000).

II. NOTICE OF APPEAL REQUIREMENTS
DeLacey contends that dismissal of a defective notice of appeal is a question of law that the courts, not agencies, must determine. She acknowledges that her notice of appeal was deficient, but she contends that Washington courts analyze procedural defects under the doctrine of substantial compliance in accordance with RAP 5.3(a) and that timely filing a defective notice of appeal is substantial compliance.[4]
WAC 391-45-350 specifies the requirements for appealing PERC orders. Neither the superior court rules nor the rules of appellate procedure apply to administrative proceedings. Scully v. Employment Sec. Dept., 42 Wash.App. 596, 602, 712 P.2d 870 (1986); see also Apostolis, 101 Wash.App. at 308, 3 P.3d 198.
A party may appeal a PERC order issued under WAC 391-45-110(1) or WAC 391-45-310 to PERC within twenty days following issuance of the order. WAC 391-45-350(1). "The time for filing a notice of appeal cannot be extended." WAC 391-45-350(1). A notice of appeal "shall identify, in separate numbered paragraphs, the specific rulings, findings of fact, conclusions of law, or orders claimed to be in error." WAC 391-45-350(3).
Compliance with this specificity requirement is necessary to put PERC and the opposing party on notice of the arguments that the appealing party intends to advance. City of Kirkland, Decision 6377-A at 3 (PECB 1998). PERC expects parties to closely monitor their compliance with the rules, and if a party fails to do so, PERC has an obligation, in fairness to the other party, to apply the rules. Kirkland, Decision 6377-A at 2. Thus, it strictly enforces the time limits for filing appeals and the procedural requirements related to the content of complaints. See Valley Communications Ctr, Decision 6097-A at 2 (PECB 1998) (time limits); Apostolis, 101 Wash.App. at 306, 3 P.3d 198 (procedure).
Here, DeLacey timely filed her notice of appeal, but she failed to specify any claimed errors. Her amended notice of appeal identified claimed errors, but she did not file it within the twenty-day time period.
*880 In Apostolis, PERC dismissed a complaint because it did not allege employer knowledge and the alleged facts were insufficient to warrant a hearing. 101 Wash.App. at 302, 3 P.3d 198. WAC 391-45-050(2), PERC's pleading requirement rule calls for a clear and concise statement of facts constituting the alleged unfair labor practices, including the times, dates, places, and participants in occurrences. Apostolis, 101 Wash.App. at 306, 3 P.3d 198. The reviewing court found that, "[g]iven PERC's pleading requirements as specified by state regulations, PERC's decision to dismiss the case because the complaint was not sufficiently specific was not arbitrary and capricious or contrary to law." Apostolis, 101 Wash.App. at 308, 3 P.3d 198.
DeLacey attempts to distinguish Apostolis on the basis that it involves the dismissal of a complaint, not an appeal. But the critical facts are similar; here, as in Apostolis, the case was dismissed for failure to comply with PERC procedural requirements in a situation where PERC was strictly enforcing its procedural rules. 101 Wash.App. at 308, 3 P.3d 198.
DeLacey also argues for substantial compliance on the basis that the District knew the issues in her appeal and, thus, suffered no prejudice from her defective notice of appeal. But as the District contends, the issues on appeal were not obvious because DeLacey raised three issues in her appellate brief. Thus, DeLacey has not met her burden of demonstrating that PERC erroneously interpreted the law or acted arbitrarily or capriciously when it dismissed her appeal.

III. WAIVER
DeLacey next argues that PERC has waived its procedural rules for other appellants who failed to submit compliant notices of appeal but refused to do so in her case. She essentially contends this demonstrates that its decision was arbitrary and capricious.
Under WAC 391-08-003 (2001), PERC may waive rule requirements unless a party shows that waiver would prejudice it. Because Washington's policy is to promote peace in labor relations, PERC's rules "shall be liberally construed to effectuate the purposes and provisions of the statutes administered by [PERC]." WAC 391-08-003.
In determining whether to waive enforcement of a rule, PERC considers whether waiver would effectuate the purposes and provisions of the applicable collective bargaining statute. Valley Communications, Decision 6097-A at 1. Lack of prejudice does not make waiver automatic. Valley Communications, Decision 6097-A at 1. Further, inadvertent errors do not justify waiver. Valley Communications, Decision 6097-A at 2.
Here, PERC did not find "sufficient justification for a waiver, because such a waiver would not further the statutory policies of communication and would be contrary to agency precedent." Administrative Record at 147. According to PERC, it only waives noncompliance caused by factors outside the noncomplying party's control or by exceptional circumstances, such as misleading advice from PERC staff or ambiguous PERC rules.
PERC argues that DeLacey has not shown the presence of factors justifying waiver. DeLacey responds with two cases where PERC did not dismiss appeals although the notices of appeal were deficient: Auburn Sch. Dist., Decision 6939-A and 6940-A (PECB 2000); Bethel Sch. Dist., Decision 6847-A and 6848-A (PECB 2000). In both cases, PERC reviewed the record despite the insufficient notices of appeal and affirmed dismissal of the complaints. Auburn, Decision 6939-A and 6940-A at 2; Bethel, Decision 6847-A and 6848-A at 5.
According to PERC, in both Auburn School District and Bethel School District, the complainants were pro se, and in both cases, the complainants appealed PERC's dismissal of their complaints due to their failure to state a claim for relief. See Auburn, Decision 6939-A at 2; Bethel, Decision 6847-A at 2. In contrast, here DeLacey appealed PERC's dismissal of her appeal after a hearing and a decision on the merits. And the District notes that the complainants, unlike DeLacey, attempted to identify the specific areas of appeal.
*881 DeLacey has not shown that PERC abused its discretion in declining to waive its requirements under WAC 391-08-003. Nor has she established an error of law.
Accordingly, we affirm.
We concur: ARMSTRONG, J, and QUINN-BRINTNALL, A.C.J.
NOTES
[1] Washington Administrative Code.
[2] RCW 41.59.140(1) states that it is an unfair labor practice for an employer:

(a) To interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in RCW 41.59.060.
...
(c) To encourage or discourage membership in any employee organization by discrimination in regard to hire, tenure of employment or any term or condition of employment, but nothing contained in this subsection shall prevent an employer from requiring, as a condition of continued employment, payment of periodic dues and fees uniformly required to an exclusive bargaining representative pursuant to RCW 41.59.100[.]
[3] In her amended notice of appeal, DeLacey assigned error to seven findings of fact and two conclusions of law.
[4] RAP 5.3(a) outlines the required content for a notice of appeal.