# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

NATHAN BROWN III,

        Appellant,

and

MI K. BROWN,

        Respondent.

DIVISION ONE

No. 71398-1-I

UNPUBLISHED OPINION

FILED: June 15, 2015

DWYER, J.—Nathan Brown appeals the dismissal of his petition for a parenting plan modification as a sanction, as well as the imposition of terms, for his failure to comply with the court's case scheduling orders. Because he fails to establish any error or abuse of discretion in the trial court's rulings, we affirm. Because his appeal is frivolous, we award fees on appeal to Mi Brown.

I

Nathan Brown filed a petition to modify the parenting plan providing for his three sons to reside a majority of the time with his ex-wife Mi Brown.[1] Mi responded and opposed Nathan's petition. Following a hearing, a superior court commissioner entered orders finding adequate cause for a trial on the petition and appointing a guardian ad litem (GAL) to prepare a report and

---

[1] For purposes of clarity, we refer to the parties by their first names. No disrespect is intended.

recommendations. After the GAL filed her report, Nathan filed a motion for a temporary order adopting his proposed parenting plan and "several provisions of the GAL report," and terminating child support based on the age of the oldest child and the requested change of residence for the other two children. A commissioner denied Nathan's request for a change in the children's residential schedule pending trial, but adopted certain recommendations made by the GAL. The commissioner also ruled that no child support adjustment was properly before the court and that the GAL need not file an "interim" report "unless updates are needed for the trial court."

Over the next several months, Nathan's attorney filed an agreed order of continuance and appeared by telephone for a pretrial conference, but failed to file any pleadings required by the order setting the case schedule or the pretrial conference order. For example, he did not file a witness or exhibit list, a financial declaration, or a trial brief. Shortly before the trial date, Mi filed a motion to dismiss the petition for modification with prejudice and for terms based on Nathan's failure to comply with the case schedule.

On the day set for trial, the court considered Mi's motion to dismiss and request for terms. In response to the court's questioning, Nathan's attorney admitted that he did not comply with the scheduling orders, but explained that he believed the case was simple, that the only witnesses would be the parties and the GAL, and that the issues were known to the parties based on the initial filings and discussions during settlement conferences. After describing the range of possible sanctions and hearing argument on alternatives, the trial court found

that Nathan's "absolute noncompliance" with court orders and "nothing before the court which would suggest any . . . mitigating circumstances," justified dismissal without prejudice and an award of terms. The trial court awarded terms in the amount of 75 percent of Mi's documented attorney fees.

Nathan appeals.

## II

We review a trial court's order dismissing a case and imposing terms for noncompliance with court orders for abuse of discretion. Apostolis v. City of Seattle, 101 Wn. App. 300, 303-04, 3 P.3d 198 (2000) (trial court "may impose such sanctions as it deems appropriate for unexcused violations of its scheduling orders"); Woodhead v. Discount Waterbeds, Inc., 78 Wn. App. 125, 129, 896 P.2d 66 (1995) (trial court has "discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases"). A trial court abuses its discretion only if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

CR 41(b) authorizes a trial court to dismiss an action for noncompliance with court orders. Apostolis, 101 Wn. App. at 304; Woodhead, 78 Wn. App. at 129. King County Local Civil Rule (KCLCR) 4(g) (1) provides: "Failure to comply with the Case Schedule may be grounds for imposition of sanctions, including dismissal, or terms." While disfavored, dismissal is justified when a party willfully and deliberately disregards reasonable court orders, resulting in prejudice to the other party, and impairing the efficient administration of justice. Apostolis, 101

3

Wn. App. at 304; <u>Woodhead</u>, 78 Wn. App. at 130. Disregard of a court order without reasonable excuse or justification is deemed willful. <u>Rivers v. Wash. State Conference of Mason Contractors</u>, 145 Wn.2d 674, 686-87, 41 P.3d 1175 (2002); <u>Apostolis</u>, 101 Wn. App. at 304; <u>Woodhead</u>, 78 Wn. App. at 130.

Appearing pro se in this appeal, Nathan does not identify a reasonable excuse or justification for his attorney's failure to comply with the court's orders. Instead, without citation to relevant authority and for the first time on appeal, Nathan argues that the commissioner's temporary order adopting portions of the GAL report resolved the contested issues in the modification proceeding and rendered trial unnecessary. He claims it is "a mystery" that neither attorney moved to dismiss the modification action immediately as the commissioner "was summarily determining the entire dispute." Br. of Appellant at 8-9. Nathan misunderstands the nature of the order. Rather than resolving the issue of permanent residential placement or ending the litigation, the temporary order simply provided for the care and placement of the children pending trial, as requested. <u>See, e.g.</u>, <u>In re Marriage of Greenlaw</u>, 67 Wn. App. 755, 759, 840 P.2d 223 (1992), <u>rev'd on other grounds</u>, 123 Wn.2d 593, 869 P.2d 1024 (1994). Accordingly, nothing in the temporary order excused compliance with the trial court's scheduling orders.

Nathan next contends that the court erred as a matter of law by imposing both the sanction of dismissal as well as terms, when KCLCR 4(g)(1) is written in the disjunctive. KCLCR 4(g)(1) provides, "Failure to comply with the Case Schedule may be grounds for imposition of sanctions, including dismissal, or

terms." Generally, we presume "or" is used disjunctively unless the drafter's intent to the contrary is clear. See Guijosa v. Wal-Mart Stores, Inc., 101 Wn. App. 777, 789-99, 6 P.3d 583 (2000), aff'd, 144 Wn.2d 907, 32 P.3d 250 (2001). Here, KCLCR 4(g)(3) clearly demonstrates such contrary intent:

> If the Court finds that an attorney or party has failed to comply with the Case Schedule and has no reasonable excuse, the Court may order the attorney or party to pay monetary sanctions to the Court, or terms to any other party who has incurred expense as a result of the failure to comply, or both; in addition, the Court may impose such other sanctions as justice requires.

In view of this plain language, the court did not exceed its authority by imposing both a sanction and terms. See also, Woodhead, 78 Wn. App. at 127, 131, 133-34 (affirming dismissal with prejudice and imposition of terms for failure to comply with court rules and orders regarding service of process).

We also reject Nathan's claim that the trial court abused its discretion by imposing terms directly on him when his attorney admitted responsibility for the failure to follow the court's orders. KCLCR 4(g)(3) authorizes the court to order either a party or an attorney to pay terms for unreasonable failure to comply with the case scheduling order. And Nathan does not allege fraud or contend that he did not authorize his attorney to appear on his behalf. Woodhead, 78 Wn. App. at 132-33 (rejecting argument that client should not be held accountable for attorney's failure to comply with local rule that client did not know).

Nathan also contends that Mi was not prejudiced and that she failed to sufficiently mitigate her prejudice. But the record demonstrates that Mi's attorney not only prepared and filed the written materials required by the court's orders and participated in settlement conferences, but also contacted Nathan's attorney

5

repeatedly by various means in order to encourage or assist him in complying with the orders and properly preparing the case for trial. And the trial court specifically considered at the hearing evidence of Mi's attorney's efforts to prepare her case while Nathan's attorney failed to provide written materials regarding witnesses, evidence, and exhibits as ordered. Nathan fails to demonstrate any abuse of discretion in the trial court's determination that Mi was prejudiced by his unreasonable failure to follow the court's orders. See, e.g., Apostolis, 101 Wn. App. at 304-05 (unreasonable failure to file timely briefs and serve documents as ordered prejudiced responding party by forcing it to submit written requests for documents, draft briefing without written arguments of opponent, and participate in hearing on arguments not previously briefed).

Nathan's claim for the first time on appeal that the court failed to sufficiently warn him and his attorney about possible sanctions is also unavailing. On the same day Nathan filed his petition, the court entered the case scheduling order, which states, "Penalties, including but not limited to sanctions set forth in Local Civil [Rule] 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for failure to comply." Several orders in the record contain similar language.

Finally, Nathan challenges the amount of the terms imposed, arguing that the award of 75 percent of Mi's requested attorney fees as terms constitutes improper fee shifting and is unfair. Relying on Biggs v. Vail, 124 Wn.2d 193, 876 P.2d 448 (1994), and Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 859 P.2d 1210 (1993), he also argues that Mi failed to properly segregate the fees she incurred

due to his "bad acts" from those "normally incurred in an action such as this." Br. of Appellant at 13.

But the trial court awarded attorney fees here as terms under KCLCR 4(g)(4), which provides in pertinent part: "As used with respect to the Case Schedule, 'terms' means costs, attorney fees, and other expenses incurred or to be incurred as a result of the failure to comply." Cases concerning the method for determining reasonableness of an attorney fee award do not apply to the imposition of terms under KCLCR 4(g)(4). Woodhead, 78 Wn. App. at 134 (rejecting cases requiring findings regarding amount of sanction and method for determining reasonableness of attorney fee awards as inapplicable to imposition of terms under local rules). The trial court considered Mi's attorney's billing records detailing numerous calls, e-mail, and letters to Nathan's counsel regarding failures to comply with the case schedule as well as her independent preparation of the case for trial. Nathan fails to demonstrate any abuse of discretion in the court's decision to impose 75 percent of that amount in terms.

Mi requests an award of attorney fees on appeal, arguing that the appeal is frivolous. RAP 18.9. An appeal is frivolous if it is so totally devoid of merit that there is no reasonable possibility of reversal. Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd., 107 Wn.2d 427, 443, 730 P.2d 653 (1986). Nathan's appeal presents no debatable issues. Mi is entitled to an award of fees and costs on appeal, subject to her compliance with RAP 18.1. Upon such compliance, a commissioner of this court will enter an appropriate order.

7

Affirmed.

We concur: