# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CHAD A. SCHAEFER, | No. 79134-6-I |
| Appellant, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| HEATHER M. KIER, | |
| Respondent. | FILED: January 13, 2020 |

MANN, A.C.J. — The provisions of Washington's child relocation act (CRA), RCW 26.09.405-560, do not apply in cases where the parenting plan allocates residential time equally to each parent.[1] The parenting plan in this case affords each parent substantially equal residential time with their two children. For this reason alone, the court properly dismissed the father's objection to the mother's relocation, alleging failure to comply with the notice provisions of the CRA. We affirm.

---

[1] See In re Marriage of Snider and Stoud, 6 Wn. App. 2d 310, 317, 430 P.3d 726 (2018).

I.

Over the past decade, Chad Schaefer and Heather Kier have extensively litigated issues involving the residential schedule and support of their two children. An agreed parenting plan entered in 2012, when the children were ages 7 and 3, initially placed restrictions on Schaefer's residential time under RCW 26.09.191(3) based on a history of acts of domestic violence and provided for the children to reside primarily with Kier.[2] Contingent upon Schaefer's compliance with domestic violence treatment, the parenting plan provided for gradually increasing residential time with Schaefer. The final phase of the residential schedule, now applicable, set forth an alternating 2-2-6-4 schedule, under which the children spend substantial residential time in the household of each parent.[3]

In April 2018, Schaefer filed an objection to Kier's relocation, alleging that Kier had moved to a new residence without properly notifying him in advance as required by the CRA. RCW 26.09.405-.560. Schaefer asserted that Kier's relocation "would cause more harm than good." He also argued, for reasons largely unrelated to the relocation, that the children should reside primarily with him. Specifically, Schaefer raised complaints about Kier's behavior, alleged instability, reliance on him to perform parenting duties, and failure to prioritize the children's interests.

On June 1, 2018, the court issued an order directing both parties to appear at a pretrial conference hearing on July 11, 2018. The court's order

---

[2] The parenting plan also required Kier to engage in therapy.
[3] Measured by overnight stays, in a 14-day period, the children spend 8 nights with Kier and 6 nights with Schaefer.

2

warned that the "[f]ailure to appear can mean dismissal of your case." The order further required the parties to confirm their participation five days in advance of the hearing and provided information as to how to do so by telephone and e-mail.[4] The document reflects that copies of the order were sent to both Schaefer and Kier.

On June 22, Schaefer filed a motion seeking temporary orders that would provide for the children to live exclusively with him and would place restrictions on Kier's contact with them. In addition to elaborating on the allegations he raised in his objection to relocation, Schaefer stated that, by mutual agreement, the oldest child was now residing full-time in his household. Schaefer noted his motion for temporary orders for July 19.

In the meantime, only Kier appeared in court on July 11, 2018, the date of the scheduled pretrial conference. Kier asked the court to dismiss Schaefer's objection because her relocation did not necessitate any changes to the parenting plan and Schaefer had not served her with a copy of his objection. The trial court swore Kier in as a witness and she testified that she secured more spacious and affordable housing that was "12 minutes away," and that her move did not require any changes to the residential schedule. Kier confirmed that she made Schaefer aware that she had no intention of attempting to change the children's schools based on her new address.[5]

---

[4] The record does not indicate whether either party confirmed participation.

[5] Kier clarified that her new residence was located outside of the children's school district, but expressed the opinion that the current school district was "better" and that she was willing to do "a little extra driving" to keep the children at their current schools.

The court found Kier's testimony about her relocation was credible. The court further found that Schaefer had notice of the time, date, and location of the pretrial conference and failed to appear. And given that the relocation did not require any changes with regard to schooling or the parenting plan, and based upon a review of the court file and prior motions filed by Schaefer, the trial court determined that Schafer filed the objection in "bad faith," as a means to "continue conflict." The court dismissed Schaefer's objection. Approximately a week later, on July 19, based on the dismissal of his objection to relocation, a trial court commissioner dismissed Schaefer's motion for a temporary parenting plan.

Schaefer then filed a series of motions for reconsideration. He sought reconsideration of the order of dismissal. The court denied the motion on July 31, 2018, noting that Schaefer's objection was dismissed based upon his failure to appear at the pretrial conference. The court further observed that notice of the hearing was mailed to Schaefer's last-known address and there was "no credible evidence" that he did not receive it, such as an "'undeliverable mail'" notice in the court file.

Schaefer filed a second motion, asking the court to reconsider its July 31, 2018 order denying reconsideration. The court denied this motion as well on August 20, 2018, stating that "no such relief exists under the civil rules." Schaefer filed a third motion, seeking reconsideration of the court's August 20, 2018 order denying reconsideration. The court denied this motion on September 14, 2018, finding that Schaefer failed to establish a "legal basis for the court to grant his request to reconsider the court's previous order dismissing his objection

to the mother's relocation." Schaefer then filed a "final" motion seeking reconsideration of the September 14, 2018 order. In denying this motion, the court directed that any further requests for relief be pursued in the form of an appeal to this court. Schaefer appeals.[6]

## II.

Schaefer challenges the court's dismissal of his objection to Kier's relocation and its denial of his multiple motions for reconsideration. Schaefer focuses on the court's determinations that he received notice of the pretrial conference and that his failure to appear amounted to a failure to prosecute the matter. Schaefer also challenges the court's authority to dismiss his motion based on a "technicality of a non-appearance," in light of the significant interests of his children at stake.

But setting aside the issue of Schaefer's compliance with the court's order, his objection to Kier's relocation was properly dismissed simply because it was made pursuant to the CRA, which was inapplicable under these circumstances. We may affirm on any basis supported by the record. In re Marriage of Raskob, 183 Wn. App. 503, 514-15, 334 P.3d 30 (2014).

Under the CRA, when a parent with whom a child is scheduled in the parenting plan to reside a majority of the time decides to relocate, he or she must notify anyone "entitled to residential time or visitation with the child." RCW 26.09.430. Relocations are presumptively permitted and must be allowed if no one objects within 30 days of receiving notice. RCW 26.09.520. A parent is entitled to object and may rebut the presumption by demonstrating that the

---

[6] Kier has not filed a brief in response to Schaefer's appeal.

"detrimental effect of the relocation outweighs the benefit of the change to the child and the relocating person," based on 11 factors set forth in the statute. RCW 26.09.520.

However, where parents share equal residential time under a parenting plan, the plain language of the CRA prevents its application. In re Marriage of Snider and Stroud, 6 Wn. App. 2d 310, 317, 430 P.3d 726 (2018); In re Marriage of Worthley, 198 Wn. App. 419, 428, 393 P.3d 859 (2017). In this situation, both parents are presumptively fit, and neither is entitled to a favorable presumption. See Snider, 6 Wn. App. 2d at 317; Worthley, 198 Wn. App. at 431 (where "both parents are equally entrusted to act in the child's best interests," the CRA presumption in favor of the relocating parent is inapplicable).

Worthley and Snider apply here even though Kier is designated as the custodian and even though residential time is not divided exactly evenly. See In re Marriage of Jackson, 4 Wn. App. 2d 212, 220, 421 P.3d 477 (2018) (whether the CRA's provisions apply depends on the factual question of whether the child resides with one parent the majority of the time; custodian designation is not controlling). The rationale of these cases is not based on a precise mathematical calculation of days or hours. Instead, we assess whether the parenting plan evinces an intent to share child-rearing and for the parents to spend nearly equal time with their children. The parenting plan here demonstrates such an intent and affords each parent approximately equal residential time.

A parent who seeks to make changes to a shared residential schedule must demonstrate adequate cause under the modification statute. See RCW

26.09.260(1); Worthley, 198 Wn. App. at 429; Snider, 6 Wn. App. 2d at 316. The burden of adequate cause under the modification statute, "fulfills the policy to maintain the existing pattern of the parent-child relationship to protect the best interest of the child" and, instead of emphasizing the interests of one parent or the other, places the focus on the child's best interests. Worthley, 198 Wn. App. at 429, 431. And consistent with the CRA, "nonrelocating parents have rights under the modification statute." Worthley, 198 Wn. App. at 432. For instance, a nonrelocating parent with a shared residential schedule can pursue sanctions or contempt if the relocating parent removes a child from their school district, can object to the relocating parent's decision by filing a petition for modification, and can move for a temporary order requiring the return of the child. Worthley, 198 Wn. App. at 432-33.

Although Schaefer sought to substantially alter the residential schedule, he did not file a petition to modify. A trial court may not grant a modification to a parenting plan sua sponte. See In re Marriage of Christel, 101 Wn. App. 13, 23-24, 1 P.3d 600 (2000) (abuse of discretion to modify parenting plan in the absence of a pending motion to do so). Without an appropriate motion before it, the trial court was in no position to decide whether a modification was being sought, whether the appropriate threshold had been met, or otherwise proceed to the merits. In sum, because the CRA is inapplicable and there was no modification petition before the court, the court did not err in dismissing Schaefer's objection to relocation.

This is not to suggest that the court lacked authority to dismiss Schaefer's objection to relocation based on his noncompliance of the court's order requiring his appearance at the pretrial conference. Although courts do not resort to dismissal lightly, a trial court may exercise its discretion to dismiss an action based on a party's failure to prosecute, or noncompliance with a reasonable court order or court rules. CR 41(b); Woodhead v. Discount Waterbeds, Inc., 78 Wn. App. 125, 129-30, 896 P.2d 66 (1995); Walker v. Bonney-Watson Co., 64 Wn. App. 27, 37, 823 P.2d 518 (1992). The court also has the discretionary authority to manage its own affairs to further the orderly and expeditious disposition of cases. Woodhead, 78 Wn. App. at 129. We review a trial court's order of dismissal on these grounds for abuse of discretion. Woodhead, 78 Wn. App. at 130-31. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Woodhead, 78 Wn. App. at 131.

Contrary to Schaefer's arguments, the dismissal of his objection to relocation was not equivalent to a default judgment and we find no support in the record for his claim that the trial court violated the Code of Judicial Conduct or was "egregiously out of control and biased" against him.[7] Schaefer claims that, in concluding that he had notice of the pretrial hearing, the court ignored his evidence. But Schaefer supplied no competent, admissible evidence on the issue of notice in the form of affidavits or declarations. Based on the only evidence in the record, the court was entitled to draw the inference that Schaefer

---

[7] The record does not support Schaefer's claims that the court drafted a motion to dismiss on Kier's behalf or inappropriately provided legal advice to her. The record establishes only that the court informed Kier about the existence of free and low cost legal resources that might be available and advised her that she could call the trial court prior to attending any scheduled future hearing to determine whether the hearing had been confirmed.

had notice of the hearing but failed to appear. Schaefer fails to establish that the court abused its discretion by dismissing his objection based on his failure to appear as directed by court order.

Schaefer requests an award of costs on appeal. Because he is not the prevailing party in this appeal, we deny the request. See RAP 14.2.

We affirm.

_____
Mann, ACJ

WE CONCUR:

_____          _____