IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| KAY KAYONGO, | ) | No. 81615-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RED ROOF INNS, INC., | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — Kay Kayongo sued Red Roof Inns Inc. (RRI) for damages arising from RRI removing her belongings from her hotel room. On RRI's motion, the court dismissed all but Kayongo's conversion claim under CR 12(b)(6). The court also noted that RRI was not the proper defendant for Kayongo's conversion claim but did not dismiss RRI from the case. Instead, the court issued a deadline for Kayongo to seek leave to file an amended complaint substituting RRI with the proper party. When Kayongo failed to meet the deadline, the court closed her case. Because the order closing Kayongo's case effectively dismissed her conversion claim without a sufficient basis, we reverse and remand.

FACTS

Kayongo claims that while she was a guest at an RRI in Kent, she returned from work to find her room "emptied" and her belongings missing. The hotel told Kayongo it took her property because she owed money for the room. The hotel later returned Kayongo's belongings but she contends several valuable

items were "stolen." Representing herself, Kayongo sued RRI in King County Superior Court.[1] She asserted claims of search and seizure, wrongful eviction, violation of privacy, and conversion, seeking damages of $2,002,135.

RRI moved to dismiss Kayongo's search and seizure, wrongful eviction, and violation of privacy claims under CR 12(b)(6) for failure to state a claim upon which relief could be granted. The trial court granted the motion. The court noted on the order that Kayongo may proceed on her conversion claim but she must substitute the operator of the hotel, CL West Management LLC, for RRI as the proper defendant. The court indicated it would "allow Plaintiff to amend her complaint to substitute Defendant CL Management, LLC and file her proposed Amended Complaint to include only a claim for conversion." But it did not dismiss RRI as a defendant to the claim.

Kayongo did not move for leave to amend the complaint. The trial court entered a "Notice of Intent to Close Case" 2 months later, stating that it would close the case unless Kayongo "moves to amend her complaint and is granted leave to file and serve the complain[t]" within 30 days. About 2 weeks later, Kayongo filed her "Amended Complaint for Damage Unlaw[ful] Conversion Without Legal Justification," an edited version of her original complaint. The complaint named CL West Management as the sole defendant. But Kayongo did not move the court for leave to file and serve the amended complaint as directed in the court's Notice of Intent to Close Case.

After the deadline for seeking leave to amend had passed, the trial court entered an order closing the case. The court determined that "[a]lthough Plaintiff

---

[1] The record includes only the proposed amended complaint Kayongo later filed.

filed a purported amended complaint . . . , she did not seek and was not granted leave to file it, and in fact it failed to state a cause of action in any event."

Kayongo moved for reconsideration 11 days after entry of the order of dismissal. The court denied the motion as untimely[2] and "without merit."

Kayongo appeals the orders closing her case and denying her motion for reconsideration.[3]

ANALYSIS

Order To Close Case

Kayongo argues the trial court erred by closing her case while she had an active conversion claim pending against RRI.[4] RRI contends the court properly dismissed Kayongo's conversion claim under CR 41(b) for "noncompliance" and "willful and deliberate disregard" of a court order. We agree with Kayongo.

We review a trial court's order dismissing a case for noncompliance with a court order for abuse of discretion. Apostolis v. City of Seattle, 101 Wn. App. 300, 303, 3 P.3d 198 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Apostolis, 101 Wn. App. at 303. A court bases its decision on untenable grounds if it relies on an incorrect standard or the facts do not meet the requirements of the correct standard. In re Marriage of Fiorito, 112 Wn. App. 657, 664, 50 P.3d 298 (2002).

---

[2] A party must file a motion for reconsideration no later than 10 days after entry of the court's order. CR 59(b).

[3] Kayongo filed a motion for discretionary review of the order closing her case and denial of her motion for reconsideration. A commissioner concluded the decisions were final orders appealable as of right.

[4] In its Notice of Intent to Close Case, the trial court mistakenly stated that "Red Roof Inns was the sole defendant and has now been dismissed." In fact, the court's order did not dismiss Kayongo's conversion claim against RRI and the order closing her case effectively extinguished her claim.

Under CR 41(b), a defendant may move to dismiss an action or any claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." A court must dismiss a civil action for want of prosecution whenever the plaintiff neglects to note the action for trial or hearing within one year "after any issue of law or fact has been joined." CR 41(b)(1). CR 41 is not self-executing; the defendant must assert a violation of the rule in the form of a motion to dismiss. Mitchell v. Kitsap County, 59 Wn. App 177, 185, 797 P.2d 516 (1990); see CR 41(b)(1). Here, RRI did not move to dismiss Kayongo's conversion claim under CR 41(b). As a result, the rule cannot serve as the basis for the court's dismissal of the claim.

Alternatively, RRI contends the trial court could close Kayongo's case because it "may impose such sanctions as it deems appropriate for violation of its scheduling orders to effectively manage its caseload, minimize backlog, and conserve scarce judicial resources." RRI is correct that a "trial court . . . has the discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases," including dismissal for noncompliance with its orders. Woodhead v. Disc. Waterbeds, Inc., 78 Wn. App. 125, 129, 896 P.2d 66 (1995). A trial court may dismiss an action when a party willfully or deliberately refuses to obey its orders, causing substantial prejudice to the other party. Johnson v. Horizon Fisheries, LLC, 148 Wn. App. 628, 638, 201 P.3d 346 (2009). But a trial court exercising that authority must support its conclusion on the record and show that it has considered sanctions less harsh than dismissal. Johnson, 148 Wn. App. at 638-39. Here, the trial court made no such findings.

4

Because the record is inadequate to support the trial court's dismissal of Kayongo's conversion claim, we reverse the trial court's order closing Kayongo's case and remand for proceedings consistent with this opinion.[5]

Bowman, J.

WE CONCUR:

Coburn, J.                    Dwyer, J.

---

[5] Kayongo also appeals the trial court's denial of her untimely motion for reconsideration. Because we conclude that the trial court erred in closing her case, we do not reach this assignment of error.