[No. 20032-1-I. Division One. March 22, 1988.]

JAMES L. JEWELL, ET AL, *Appellants,* v. THE CITY OF KIRKLAND, ET AL, *Respondents.*

*J. Richard Aramburu* and *Jeffrey M. Eustis,* for appellants.

*Samuel M. Jacobs, Malcolm L. Edwards,* and *Howard Goodfriend,* for respondents.

SCHOLFIELD, C.J.—James and Jane Jewell appeal the trial court's dismissal with prejudice of their petition for a writ of certiorari to review the City of Kirkland's approval of construction of a 12–unit condominium and a single–family dwelling on nearby property. We affirm.

FACTS

On June 16, 1986, H. Eugene Hatch received the City's approval for construction of a condominium and single–family dwelling on his property. The Jewells contend construction of the condominium building would obstruct their view of Lake Washington.

On July 16, 1986, the Jewells, along with Leona Lodge and View West Condominiums, commenced a lawsuit

against the City of Kirkland and Mr. Hatch, petitioning the court for a writ of certiorari and a declaratory judgment. The plaintiffs took no immediate action toward obtaining the issuance of the writ, and in early October 1986, Hatch's attorney contacted the Jewells' attorney[1] expressing concern that the matter was not moving forward and that no application for the issuance of the writ had been filed. The Jewells' counsel ultimately scheduled a notice of presentation of a proposed order for the writ for November 18, 1986. On that date, the matter was presented to Presiding Judge Robert Winsor, who signed an order directing the City to certify the record to superior court within 120 days. The order contained this provision:

Provided that within thirty (30) days of this date, the Petitioners shall deposit with the Respondent City the amount of money the City determines to be adequate to pay for the cost of preparing the record.

At the November 18 hearing, the presiding judge also set an early trial date of April 20, 1987. The record reflects that at the close of the hearing, the City's attorney advised the Jewells' attorney that the estimated cost of producing the record was $2,800. The City's attorney then sent the Jewells' attorney a letter dated November 24, 1986, formally notifying her that the cost of producing the record would be $2,800 and requesting that the sum be deposited "within thirty (30) days of the date of this letter." The record reflects that a copy of that letter was sent to the Jewells on December 8, 1986.

An affidavit filed by the Jewells' trial counsel indicates that she considered the $2,800 to be excessive and sought alternatives to the preparation of a complete record. She also asserts that on December 22, 1986, she sent a letter to the City's attorney, stating that her clients would have a typist available at city hall immediately after Christmas for the purpose of transcribing the record so that it could be filed on or before January 2, 1987. The Jewells' counsel

---

[1]The Jewells' counsel on appeal was not the Jewells' counsel in the trial court.

stated that following the mailing of that letter, she went on a vacation from which she returned on January 5, 1987. At that time, she learned that the City and Hatch had filed motions to dismiss, which were scheduled for hearing on January 13, 1987. The Jewells' counsel then contacted her clients and told them that the $2,800 had to be deposited prior to January 13, 1987, or the case would be dismissed. It appears to be undisputed that the $2,800 was either deposited or tendered to the City of Kirkland on January 13, 1987.

The record also reflects that on December 17, 1986, the City's attorney sent the Jewells' attorney another letter reminding her of the December 23, 1986 deadline for payment of the $2,800, and notifying her that the City would move to dismiss the lawsuit if the funds were not received by 5 p.m. on December 23.

On January 13, 1987, the trial court heard the motions and entered an order dismissing the petition for writ of certiorari on the basis of a failure to comply with conditions imposed in its order of November 18, 1986.

The entry of this order was followed by a motion for reconsideration supported by affidavits and written arguments submitted in support and in opposition to the motion. After considering these, the trial court denied the motion, setting forth its reasons in a letter to counsel dated February 5, 1987, in which the trial judge emphasized that the late application for the writ required there be no further delay in the processing of the matter. The trial judge emphasized that the failure to comply with his order of November 18, 1986, was not merely technical and that petitioners had failed to show a mistake or excusable neglect justifying the failure to comply. Only the Jewells appeal the order of dismissal.

## No Abuse of Discretion

The Jewells argue on appeal that the "sanction of dismissal was inordinately harsh, violated their constitutional

rights and otherwise amounted to an abuse of discretion." Brief of Appellants, at 8.

As a secondary argument, the Jewells contend that the delay in payment was due to neglect of their attorney for which they should not be punished. Resolution of these contentions depends on whether the dismissal was an abuse of discretion.

CR 41(b) provides:

> **Involuntary Dismissal; Effect.** For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.
>
> . . .

Similar language contained in Fed. R. Civ. P. 41 was construed in *Delta Theatres, Inc. v. Paramount Pictures, Inc.*, 398 F.2d 323 (5th Cir. 1968). In that case, the parties were ordered to file as a pretrial procedure "notes of evidence" by a date certain. These notes were never filed. The defendants moved to dismiss on the ground that the plaintiff had failed to obey the trial court's order, and the dismissal was granted.

The circuit court noted that the trial court is vested with authority to "impose reasonable sanctions for the breach of reasonable rules". *Delta,* at 324 (quoting *Gamble v. Pope & Talbot, Inc.,* 307 F.2d 729, 737 (3d Cir. 1962) (Goodrich, J., dissenting)). The *Delta* court noted that the district judge below utilized the sanction of dismissal in his exercise of discretion and that the question presented on review was whether, under the facts and circumstances of the case, this discretion was abused. *Delta,* at 324.

In *Associated Mortgage Investors v. G.P. Kent Constr. Co.,* 15 Wn. App. 223, 548 P.2d 558 (1976), the defendants failed to comply with a discovery order requiring them to answer fully the plaintiff's written interrogatories. After due notice, an order of default against defendants was entered by the trial court. On appeal, the defendants claimed, among other things, that the default judgment was

an unconstitutional deprivation of their property without due process of law. This court disposed of the due process contention by holding that it is not a denial of due process where the defendant is given due notice of the prospective sanction and is given a reasonable opportunity to comply with the order. The court held that noncompliance under these circumstances permits a presumption that the refusal to produce the required evidence is an admission of the absence of any merit in the asserted defenses.

At page 229, the *Associated Mortgage* court stated:

In this state CR 37 vests broad discretion in the trial court as to choice of sanctions. A discretionary determination should not be disturbed on appeal except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

Reasoning that the unexplained failure to furnish complete and meaningful answers to the interrogatories in the face of the court's order justifies a conclusion that the refusal was willful, the court found no abuse of discretion and affirmed the trial court.

In *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976), an antitrust action was dismissed for failure to timely answer written interrogatories. The dismissal was affirmed by the Supreme Court on the basis that there was no abuse of discretion in light of the district court's findings that the respondents were guilty of bad faith in failing to provide answers to the interrogatories as ordered by the court.

In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984), the trial court granted the Seattle Times' motion for discovery of membership lists and contributors to the Aquarian Foundation over a 5–year period. Rhinehart contended that the discovery order violated constitutional rights of privacy and freedom of religion. The trial court also entered a protective order which

prohibited the Seattle Times from making any use, dissemination or publication of the discovered material other than what was necessary to prepare and try the case. The Seattle Times contended that this amounted to a "gag order," infringing upon the newspaper's freedom of expression guaranteed by the First Amendment.

The Supreme Court, faced with legitimate claims of constitutional protections by both parties, found no abuse of discretion in either the order compelling discovery or the order restricting the use of the discovered information and agreed with the Washington Supreme Court that the balancing of the competing interests was within the sound discretion of the trial court.

While *National Hockey League* and *Seattle Times* dealt with discovery, they point the way to applying an abuse of discretion standard to cases where sanctions are imposed by trial courts for the failure of litigants to comply with court orders.

> Abuse of discretion does not exist unless it can be held that no reasonable person would have ruled as the trial court did on the facts before it.

*In re Marriage of Pilant,* 42 Wn. App. 173, 176, 709 P.2d 1241 (1985); *see also In re Marriage of Morrison,* 26 Wn. App. 571, 575, 613 P.2d 557 (1980); *State v. Blight,* 89 Wn.2d 38, 41, 569 P.2d 1129 (1977).

The Jewells place substantial reliance upon the cases of *Mitchell v. Watson,* 58 Wn.2d 206, 361 P.2d 744 (1961) and *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958). Both cases can be distinguished from the facts in the case before us.

In the *Mitchell* case, the defendant Watson was found in contempt for failing to answer certain questions. The court struck his answer, entered a default judgment, and prohibited him from participating in the trial of the damage issues. The Supreme Court reversed the trial court, reasoning that to deny the defendant the right to defend the action as mere punishment for contumacy amounts to

deprivation of property in the form of money damages without an opportunity to be heard.

In the *Societe Internationale* case, the plaintiff was claiming return of property seized by the alien property custodian, and the plaintiff was ordered to produce certain records concerning its Swiss bank. The plaintiff was unable to produce the record because to do so would violate Swiss law. Notwithstanding the legal inability of the plaintiff to comply, the district court dismissed the plaintiff's action. On appeal, the United States Supreme Court reversed, recognizing that Fifth Amendment due process concerns were present, because the petitioner was attempting to regain property seized by the government, and holding there was an abuse of discretion in dismissing where the failure to comply was due to inability rather than willfulness, bad faith or any other fault of the plaintiff. *Societe Internationale,* at 210–12.

In both *Mitchell* and *Societe Internationale,* the result of the trial court sanction was to deny the party its right to be heard prior to deprivation of a property right. In the case before us, the Jewells are in no way deprived of their property as a result of the trial court's dismissal. They are simply precluded from pursuing their attempt to overturn a land use decision involving the property of another. The Jewells were afforded due process because they were given an opportunity to pursue the review of the land use decision, providing they met certain reasonable conditions. Their complaint was dismissed, not because they were denied an opportunity to be heard, but because they, without justification, failed to meet certain reasonable conditions imposed by the trial court.

■ The presiding judge must consider the judicial policy in this state of expeditious review of land use regulatory decisions so that legal uncertainties can be promptly removed and land development not slowed or defeated by unnecessary delays. *Deschenes v. King Cy.,* 83 Wn.2d 714, 521 P.2d 1181 (1974). *See also* R. Settle, *Washington Land*

*Use and Environmental Law and Practice* § 8.12(a), at 264–65 (1983).

The lawsuit in this case was filed on July 16, 1986, the last day on which the Jewells could seek review of the June 16 approval by the City of Kirkland. After prompting by the attorney for Hatch, the Jewells' attorney noted the matter for hearing before Judge Winsor on November 18, 1986. By then, 4 months had gone by since the action was filed. The trial court's order of November 18 gave the Jewells 30 days in which to post the funds required for preparation and certification of the record to the superior court. The Jewells have presented no real justification for the failure to comply with the order in a timely manner. The trial judge intended that the money would be deposited with the City by December 18. However, the language of the November 24 letter by the City's attorney furnished the Jewells reasonable grounds for believing that the deadline had been extended to December 24. We find no justification for the claim by the Jewells' attorney that she believed the deadline for deposit of the money was January 2, 1987. Furthermore, this is not material, because the money was not deposited by January 2.

There was evidence before the trial judge that following the deposit of the money, an estimated 2½ months would be required for the preparation and certification of the record to the superior court. Assuming that work on the record had commenced on January 13, and assuming the estimate of 2½ months was reasonably accurate, the record presumably would have been filed and available for use by counsel by approximately April 1, 1987. With a scheduled trial date of April 20, 1987, the presiding judge could take into consideration the possibility of one or more parties coming forward with persuasive grounds to support a motion for a continuance.

The Jewells do not claim that they were unable to comply with the order, but assert that the delay in payment was due to the actions of their then attorney, for which they should not be blamed.

In situations of this kind, we cannot separate the party from his attorney in respect to noncompliance with court orders which normally call for performance by the party. Disagreements or misunderstandings between attorney and client should not be allowed to operate to the disadvantage of the opposing party.

Under the circumstances of this case and consistent with the reasoning of the *Associated Mortgage* case at page 229, we are compelled to treat the failure to post the funds on or before December 24, 1986, as willful.

The action of the trial court in dismissing the Jewells' complaint based upon a willful failure to meet reasonable conditions imposed in its order of November 18, 1986, was not an abuse of discretion. The administration of justice will be best served by a policy of treating court orders as meaning what they say and requiring strict compliance therewith. Land development programs can be totally frustrated by a failure of the judicial system to eliminate unnecessary delay in reaching final decisions in land use cases. These circumstances clearly support the action of the trial court in dismissing the Jewells' complaint.

Judgment affirmed.

GROSSE and WEBSTER, JJ., concur.