# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

ARTHUR WEST,

        Appellant,

v.

CONNIE BACON, CLARE PETRICH
DON JOHNSON, TED BOTTINGER
TIM FARKELL, RICHARD NARZANO,
MARK LINDQUIST, PIERCE COUNTY
PROSECUTING ATTORNEY, and
PORT OF TACOMA,

        Respondents.

No. 71366-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 28, 2014

SPEARMAN, C.J. — A trial court may dismiss a case for want of prosecution under CR 41(b)(1) unless the case is noted for trial before the hearing on the motion to dismiss. Because the appellant in this case noted the matter for trial before the trial court heard the motion to dismiss, it was error to dismiss the case on this ground. We further hold that, while trial courts have inherent authority to dismiss a case for dilatoriness of a type not described in CR 41(b)(1), in this case, because the grounds relied on by the trial court are not supported by the record, dismissal was an abuse of discretion. We reverse and remand for further proceedings.

## FACTS

On October 6, 2009, Arthur West filed this case against the Port of Tacoma (the Port) in Pierce County Superior Court. He alleged, among other things, that various Port officials had violated the Public Records Act (PRA). On July 26, 2010, the trial court heard the Port's motion to dismiss West's claims, alleging they were duplicative of claims made in a previous lawsuit.[1] The trial court granted the Port's motion as to one of the claims and sanctioned West in the amount of $1500, payable to the Port. The order did not set a date by which payment was to be made. In addition, during the course of the hearing, West repeatedly interrupted the proceedings and the court held him in contempt for being "disorderly, insolent to the Court and disrupt[ing] the hearing." Clerk's Papers (CP) at 357. A hearing to determine sanctions for the contempt finding was set for August 2, 2010. West failed to appear. He also failed to appear at a subsequent hearing on August 9, 2010. Verbatim Report of Proceedings (VRP) (08/09/10) at 18. It is unclear from the record whether sanctions were ordered for West's contempt or for his failures to appear. West took no further action in this case until the spring of 2012.

---

[1] West had filed a separate PRA claim against the Port in 2008. That claim arose from a request for documents that involved tens of thousands of pages of possible responsive records. The lawsuit was initially dismissed based on West's failure to prosecute the suit (citing the lapse of 18 months with no plaintiff action, willful disregard of court orders, and failure to abide by the case schedule). West appealed the dismissal, and Division II of this court reversed the trial court's order and remanded for further proceedings. West v. Port of Tacoma, No. 43004-5-II, 2014 WL 689739.

During the intervening twenty-months, West filed two related cases in other forums, seeking, among other things, relief from the contempt order in the present matter. First, in July 2010, he filed a personal restraint petition (PRP) in the Washington Supreme Court, in which he claimed that the Port's counsel in the present case had illegally acted as a "special prosecutor" when, at the direction of the court, she prepared the orders of contempt. He also claimed the trial judge's imposition of sanctions based on the finding of contempt was a violation of his due process rights.[2] Less than two weeks later, he filed a suit in the Western District of Washington, which named as defendants three Pierce County judges—including the trial judge in the present matter—several Port Commissioners, and the Port's attorney.[3]

On March 19, 2012, the trial court case set a status conference for April 6, 2012. In response, West retained counsel, who filed a notice of appearance on March 26, 2012. He also paid the $1500 sanction on April 16, 2012. The Port responded on April 5 with a notice of intent to file a motion to dismiss. On May 11, 2012, West served the Port with a notice of deposition of Port officials, which he re-noted once due to opposing counsel's unavailability, and again after the Port filed an unsuccessful Motion to Quash pursuant to CR 26(i). On May 30,

---

[2] West also filed a motion for injunction and requested an emergency stay of proceedings in the current case. The Supreme Court dismissed West's PRP and denied his motion for reconsideration, issuing a Certificate of Finality on April 5, 2011.

[3] West again claimed that counsel for the Port acted as illegal "Special Prosecutor" in the present matter. He also claimed, among other things, that the judges and Port officials had conspired to deny him rights under the PRA and retaliated against him for asserting his rights under the PRA. The federal court granted a defense motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted on June 15, 2011.

2012, West filed a Note for Trial Setting with a trial date of November 14, 2012, and moved the court for issuance of a case schedule order.

On June 1, 2012, the Port filed a motion to dismiss with a hearing set for June 12. CP at 673-74. The trial court, relying on CR 41(b) and its inherent authority to dismiss, granted the Port's motion.[4] West appeals.

## DISCUSSION[5]

CR 41(b) provides in relevant part:

> Involuntary Dismissal Effect. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him or her.
>
> (1) Want of Prosecution on Motion of Party. Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

---

[4] Although the order cites CR 41(b)(2) as one basis for the dismissal, this appears to be a scrivener's error. That subsection provides for dismissal on motion of the court clerk and requires the clerk to accomplish a number of procedural steps before so moving. Here, it is apparent that the clerk did not make the motion and the record does not reflect that the required procedural were steps taken. In addition, neither party makes reference to subsection (b)(2) in their briefing.

[5] The Port requests that we take judicial notice of documents from three other cases filed by West, which it appends as exhibits to its brief. Brief of Respondent at 48-49, ex. 1-4. Two of the documents are taken from West v. Port of Tacoma, No. 43004-5-II, 2014 WL 689739 (supra, n.1). The third document is a copy of the docket reflecting dismissal of West's appeal of the federal court bar order. The fourth document is a page of transcript of an oral argument in West v. Wash. Assoc. of Cities, et al., Division Two Cause No. 40865-I-II. We grant the Port's motion as to the first two exhibits because the parties, claims and issues in that case are nearly identical to those in this case and are thus, properly subject to judicial notice. Spokane Research & Defense Fund v. City of Spokane, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005).
The request is denied as to the third and fourth documents.

(Emphasis added). Whether a trial court properly dismissed an action for want of prosecution under CR 41(b)(1) is a question of law, reviewed de novo. State ex rel. Heyes v. Superior Court for Whatcom Cy., 12 Wn.2d 430, 433, 121 P.2d 960 (1942). Likewise, the application of a court rule to a particular set of facts is a question of law reviewed de novo. Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).

West argues that the trial court had no authority to dismiss the case for failure to prosecute under CR 41(b)(1) because he noted the case for trial before the hearing on the Port's motion to dismiss. We agree. When a trial court rules on a motion for dismissal based on inaction in bringing the case to trial, it is bound by the explicit language of CR 41(b)(1). Snohomish Cy. v. Thorp Meats, 110 Wn.2d at 163,169-70, 750 P.2d 1251 (1988). "The final sentence of CR 41(b)(1) means precisely what it says, a case shall not be dismissed for want of prosecution if it is noted before the hearing on the motion to dismiss." Thorp, 110 Wn.2d at 169-70; see also Walker v. Bonney-Watson Co., 64 Wn. App. 27, 37, 823 P.2d 518 (1992). Here, because it is undisputed that West noted the case for trial before the hearing on the Port's motion to dismiss, the trial court erred when it relied on CR 41(b)(1) as a ground for granting the Port's motion.

Next, we consider whether the trial court had inherent authority to dismiss West's case based on dilatoriness of a type not described in CR 41(b)(1). "When the Court's inherent power to dismiss for want of prosecution is at issue the trial court's decision is reviewed under the abuse of discretion standard." Stickney v. Port of Olympia, 35 Wn.2d 239, 241, 212 P. 2d 821 (1950); see also, Bus. Serv.

of Am. II v. WafterTech, LLC, 174 Wn.2d 304, 316, 274 P.3d 1025, (2012). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006) 443.

Where, as here, the trial court also makes findings of fact and conclusions of law, we review the trial court's conclusions of law to determine if they are supported by the findings of fact and if, in turn, those findings are supported by substantial evidence. Nelson Const. Co. of Ferndale, Inc. v. Port of Bremerton, 20 Wn. App. 321, 326-27, 582 P.2d 511 (1978). Undisputed findings are verities on appeal. Keever & Assoc., Inc. v. Randall, 129 Wn. App. 733, 741, 119 P.3d 926 (2005).

CR 41(b) states in relevant part:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him or her.

The rule has been interpreted as a codification of the trial court's inherent discretionary power to manage its affairs. Thorp Meats, 110 Wn.2d at 170; Gott, 11 Wn. App. at 507. Thus, "'[w]here dilatoriness of a type not described by CR 41(b)(1) is involved, a trial court's inherent discretion to dismiss an action for want of prosecution remains.'" Thorp Meats, 110 Wn.2d at 169; see also, Will v. Frontier Contractors, Inc., 121 Wn. App. 119, 128, 89 P.3d 242 (2004); Woodhead v. Discount Waterbeds, Inc., 78 Wn. App. 125, 131, 896 P.2d 66 (1995); Jewell v. Kirkland, 50 Wn. App. 813, 822, 750 P.2d 1307 (1988).

In this case, the trial court relied on its inherent power to dismiss because West: (1) failed to timely comply with the trial court's sanction orders and (2) engaged in an abuse of process—specifically, his pursuit of "extended and unfounded litigation actions in various courts, all to avoid complying with the sanctions issued by [the trial] [c]ourt. . . ."[6] CP at 776. West contends that the trial court abused its discretion when it granted the motion to dismiss on these grounds because neither reason finds support in the record. We agree.

Dismissal for failure to comply with a court order is an appropriate sanction only where the record demonstrates that:

(1) the party's refusal to obey a [court] order was willful or deliberate,

(2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and

(3) no lesser sanction would have sufficed.

Will, 121 Wn. App. at 128 (citing Rivers v. Washington State Conference of Mason Contractors, 145 Wn.2d 674, 686, 41 P.3d 1175 (2002)). In Will, the plaintiff, Will, moved for leave to amend his complaint. He served the defendant, Frontier, with the motion and the proposed amended complaint. The court granted the motion on May 31, 2002. Subsequently, on four separate occasions Frontier requested a copy of the amended complaint. Will did not respond until the fourth request, nearly seven months later, in December 2002. Frontier was

---

[6] The Port argues that the trial court also had inherent authority to dismiss West's case (1) for allegedly misleading the court by noting motions on dates he knew the Port's attorney was unavailable, and (2) for failure to appear at hearings on August 2, 2010, and August 9, 2010. Because neither basis is cited as justification for dismissal in the trial court's order, we do not address these arguments.

dissatisfied with the response because the amended complaint still named defendants and asserted claims that had been dismissed on summary judgment. When Will did not respond to Frontier's further complaints, Frontier moved to dismiss. The trial court granted the motion.

On appeal, we reversed, in part, because "[t]he order granting ... leave to amend contained no time deadlines or requirement by the court that Will proceed in a particular way." Will, 121 Wn. App. at 130. We distinguished this circumstance from those in Jewell v. City of Kirkland, 50 Wn. App. 813, 750 P.2d 1307 (1988)). In that case, Jewell appealed the trial court's dismissal of a petition for a writ of certiorari in a land use matter to the superior court. The superior court ordered that Jewell provide funds to the City for the preparation of the record within thirty days of the date of the order, but the funds were not provided until nearly three weeks beyond the due date. We affirmed the superior court's dismissal of the case under CR 41(b) on grounds that Jewell had willfully failed to abide by the time limits specified in the court order. Id. at 822.

Here, as in Will, the trial court's order required that $1500 be paid, but did not establish a date by which it was to be paid. Because West complied with the order as written, albeit nearly two years later, the evidence is insufficient to conclude that he willfully or deliberately failed to abide by the court's order. Thus, the trial court abused its discretion when it relied on this ground to dismiss the case.

We also conclude that the trial court abused its discretion when it relied on West's "abuse of process" to dismiss this case. The trial court cited Woodhead,

8

78 Wn. App. at 132, in support of its decision, however, the case is distinguishable. In Woodhead, we considered whether an appellant's failure to comply with court orders or court rules "together with" other egregious acts— there, deliberate attempts to mislead the court by making false statements— constituted an abuse of process that warranted dismissal. Id. at 131. But, because, as discussed above, West's delay in paying the sanctions was not a willful or deliberate violation of the trial court's sanction order, the fact that he filed baseless claims in other courts, was insufficient, by itself, to find an abuse of process in this case. Thus, dismissal on this basis was an abuse of discretion.

We also conclude that the third prong of Will, which requires a showing that no lesser sanction than dismissal will suffice, is not satisfied here. The trial court noted that West had been fined $1500 and found in contempt in the present matter. It also noted that bar orders were issued by other courts. After the imposition of these sanctions, the trial court made no finding that West engaged in any other misconduct. By contrast, the record shows that after the sanctions, West retained counsel, paid the terms ordered to the Port, noted up a discovery deposition, and requested a trial setting. The Port objected to the discovery deposition, arguing that there could be no purpose other than harassment, but there is nothing in the record to support this allegation and the trial court did not enter any finding to that effect. Because the sanctions imposed by the trial court and by the other courts had the desired effect, the severe sanction of dismissal in this case was unwarranted.

<u>Attorney Fees and Costs</u>

West requests an award of attorney fees and costs pursuant to RAP 18.1 and RCW 42.56.550. RAP 18.1 provides in relevant part:

> (a) Generally. If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court.

RCW 42.56.550(4) provides for an award of attorney fees and costs to any "person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time. . . ." Because success on appeal does not make West the prevailing party, but rather, the merits of his claim will be remanded for trial, we deny West's request for fees and costs.

The Port also requests an award of attorney's fees as a sanction against West for filing a frivolous appeal, pursuant to RAP 18.1, RAP 18.9, and RCW 4.84.185. Given our resolution of this case, we deny the Port's request.

We reverse and remand.

Spearman, C.J.

WE CONCUR:

Leach, J.

Cox, J.