IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MAINLINE ROCK & BALLAST, INC., | ) | |
| | ) | No. 35890-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARNES, INC., | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Mainline Rock, a party to an arbitration proceeding, appeals the

superior court's denial of an award of reasonable attorney fees and costs pursuant to

RCW 7.04A.250 in the superior court proceeding to confirm the arbitration award. We

hold that the trial court abused its discretion when denying Mainline Rock's application

for fees because the trial court misread the law and failed to exercise its discretion under

the statute.

FACTS

Mainline Rock & Ballast, Inc. (Mainline Rock) develops and operates rock quarries to extract, crush, and sell ballast, a rock material used as the footing or base for railroad tracks. Between 2004 and 2017, Mainline Rock owned and operated a rock quarry in Torrance County, New Mexico, near Encino. Mainline Rock intended to sell ballast from the Torrance site to BNSF Railway.

Barnes, Inc. (Barnes) works as a drilling and blasting contractor. In 2008, Barnes and Mainline Rock entered a master blasting agreement, under which Barnes would perform blasting services for maintenance at numerous locations, including the Torrance County site. Pursuant to the parties' agreement, Mainline Rock would pay Barnes for blasted rock materials when Mainline sold the rock to a third party. Individual work orders would determine the rate of payment. The master blasting agreement included an arbitration clause. Paragraph 29 of the master blasting agreement declared:

> **29. Attorney Fees**: If any action at law or in equity (including arbitration) is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney fees, court costs and out-of-pocket costs, in addition to any other relief to which the party may be entitled. The provisions of this section shall survive the termination or expiration of this Agreement.

Clerk's Papers (CP) at 29.

On June 1, 2016, Mainline Rock and Barnes entered into a work order authorization amendment for blasting work at the Torrance location. On April 7, 2017,

Mainline sold the assets of the Torrance operation site to Vulcan Materials Corporation. The purchase included all stockpiled commercially sellable aggregate inventory. Mainline Rock then became liable to Barnes for work performed. The parties could not agree to the sum owed Barnes.

Because of the parties' differences, they entered arbitration pursuant to the master blasting agreement. The arbitration occurred in Spokane before a three-person arbitration panel. A majority of the panel determined that Barnes was entitled to a payment higher than the amount tendered by Mainline Rock but lesser than the amount Barnes requested. Both parties sought an award of reasonable attorney fees and costs, under the master blasting agreement, as the prevailing party. The panel ruled that, since it did not accept either party's position, neither party prevailed. The panel denied each party an award of reasonable attorney fees and costs.

PROCEDURE

Barnes, pursuant to RCW 7.04A.230(1)(d), filed a motion with the superior court to vacate the arbitration award. In return, Mainline Rock, pursuant to RCW 7.04A.230(4), filed a motion to confirm the award. The trial court denied Barnes' motion to vacate and granted Mainline Rock's motion to confirm.

Thereafter Mainline Rock, pursuant to RCW 7.04A.250, filed a motion for an award of reasonable attorney fees and litigation expenses incurred in the superior court proceeding. The trial court denied Mainline Rock's application for fees and costs. The

order reads:

> . . . .
>
> Both parties cross moved the court for: orders granting attornies [sic] fees. The parties requested that the court rule on the pleadings and both parties waived oral argument.
>
> II. FINDINGS
>
> After reviewing the case record to date, and the basis for the motion, the court finds that: the arbitration award was a split decision, both parties prevailed in part and the arbitration denied attornies [sic] fees. The court reviewed both parties['] pleadings.
>
> III. ORDER
>
> IT IS ORDERED that:
>
> Both parties['] request for attorney's fees are denied and each side will bare [sic] their own costs.

CP at 153-54. We are unaware of any cross motion by Barnes, before the superior court, for an award of reasonable attorney fees and costs pursuant to the arbitration statute.

LAW AND ANALYSIS

Reasonable Attorney Fees Before Superior Court

Mainline Rock appeals the superior court's denial of its motion for an award of reasonable attorney fees. RCW 7.04A.250(3) controls. The statute reads:

> The court *may* add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made.

(Emphasis added.) The word "may" denotes the trial court holds discretion when deciding whether to award a party reasonable attorney fees and costs. *Strenge v. Clarke*, 89 Wn.2d 23, 28, 569 P.2d 60 (1977).

4

We review discretionary decisions for abuse of discretion. *Jewell v. City of Kirkland*, 50 Wn. App. 813, 818, 750 P.2d 1307 (1988). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). The superior court abuses its discretion when it applies the wrong legal standard to the issue. *Dave Johnson Insurance Inc. v. Wright*, 167 Wn. App. 758, 775, 275 P.3d 339 (2012). The failure to exercise discretion is an abuse of discretion. *Bowcutt v. Delta North Star Corp.*, 95 Wn. App. 311, 320, 976 P.2d 643 (1999).

Mainline Rock argues that the trial court misunderstood its motion for attorney fees incurred during the post-arbitration proceeding in superior court as a motion seeking attorney fees from the arbitration proceeding itself. Mainline Rock emphasizes the court's mischaracterization of Mainline's motion as one whereby "[b]oth parties cross moved the court for: orders granting attornies [sic] fees." CP at 153. Nevertheless, Barnes, in its briefing before the superior court, expressed the desire for attorney fees incurred before the arbitration panel pursuant to the parties' contract. In contrast, Mainline Rock's motion did not reference the parties' master blasting agreement and did not seek an award for fees incurred during the underlying arbitration.

Barnes responds that the superior court's characterization of the requests as cross motions raises no concern because Barnes requested attorney fees in its response to Mainline Rock's motion for fees. We disagree. A fleeting statement in a response does

5

not transform a request into a cross motion. Barnes never filed a motion for fees at the arbitration level, never submitted evidence in support of a motion for fees, and never submitted any argument to support such a motion.

Other language in the superior court's order confirms the court's mistake as to the nature of Mainline Rock's request. The court order observes that the court found "the arbitration award was a split decision, both parties prevailed in part and the arbitration denied attornies [sic] fees. . . . Both parties request for attorney's fees are denied and each side will bare [sic] their own costs." CP at 153-54. This language reflects an assumption by the superior court that Mainline Rock seeks an award of fees incurred during arbitration, not during the superior court proceeding to vacate or confirm the arbitration award. Since the superior court assumed Mainline Rock sought fees from the arbitration proceedings, the court failed to exercise its discretion under RCW 7.04A.250(3).

Mainline Rock seeks alternative relief. Mainline Rock asks that this court remand to the trial court for a determination, under the correct legal standard, of whether it was the prevailing party before the superior court. In the alternative, Mainline Rock asks that this court reach the merits of the issue, confirm that Mainline Rock was the prevailing party, and either enter judgment in its favor or direct the superior court to enter judgment in its favor. Since RCW 7.04A.250(3) assumes that the superior court holds the discretion to award fees, we remand to the superior court to exercise its discretion.

6

Reasonable Attorney Fees on Appeal

Mainline Rock also requests reasonable attorney fees and costs on appeal pursuant to RAP 18.1. Under RAP 18.1, a party may recover fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses. . . ." In turn, Mainline Rock relies on the attorney fees provision of the master blasting agreement and again relies on RCW 7.04A.250(3). We address each alternative ground.

Paragraph 29 of the master blasting agreement read, in part: "If any action at law or in equity (including arbitration) is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney fees, court costs and out-of-pocket costs." CP at 29. Mainline Rock's motion before the superior court to confirm the arbitration award and its opposition to Barnes' motion to vacate the award did not seek to enforce the blasting agreement or interpret its terms. Therefore, we deny any award of fees under the parties' contract.

RCW 7.04A.250(3) grants the superior court discretion to add to a party's judgment the amount of reasonable attorney fees and costs incurred in confirming an arbitration award. As with the fees incurred by Mainline Rock at the superior court level, we remand to the superior court to exercise its discretion in whether to award Mainline Rock fees incurred in this appeal and the amount of any award.

CONCLUSION

We remand for the trial court to exercise its discretion under RCW 7.04A.250(3) to award or deny Mainline Rock reasonable attorney fees and costs incurred during the proceeding to vacate or confirm the arbitration award. The trial court should also exercise its discretion in awarding or denying reasonable attorney fees and costs by Mainline Rock in this appeal.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, C.J.

8