**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SEATTLE'S UNION GOSPEL MISSION, a Washington nonprofit corporation,<br><br>     Respondent,<br><br>   v.<br><br>REBECCA BAUER, a Washington Resident,<br><br>     Appellant. | No. 83185-2-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

SMITH, A.C.J. — After the court dismissed Seattle's Union Gospel Mission's (UGM) unlawful detainer action against Rebecca Bauer, it denied Bauer's request for an order of limited dissemination, which would have prohibited tenant screening agencies from referencing the unlawful detainer action in reports about Bauer. Because the court believed it did not have authority to enter the order, and we conclude that it did, we reverse in part and remand for the court to enter an order of limited dissemination.

FACTS

In June 2021, Seattle's Union Gospel Mission (UGM) filed a complaint for unlawful detainer seeking to evict Rebecca Bauer from its transitional housing program, Re:novo. UGM made several allegations that Bauer had engaged in unsafe and abusive conduct but ultimately based its action on Bauer's failure to vacate the premises after the expiration of her term of residency. Bauer moved

No. 83185-2-I/2

for summary judgment, contending that UGM failed to comply with procedural requirements of the Residential Landlord Tenant Act (RLTA), ch. 59.18 RCW, and that the Washington State and City of Seattle eviction moratoriums in response to the COVID-19[1] pandemic barred her eviction. She also asked the court to enter an order limiting the dissemination of the unlawful detainer action under RCW 59.18.367. UGM responded to the motion, contending that the moratoria did not apply and that it was exempt from the requirements of the RLTA because Re:novo "is an intense religious program of which housing is only an incidental part."

The court granted summary judgment for Bauer on the grounds that Seattle's eviction moratorium suspended UGM's right to evict Bauer. However, it denied her request for an order of limited dissemination, concluding that Re:novo was exempt from the RLTA and that therefore, because the limited dissemination statute is part of the RLTA, Bauer was not entitled to such an order.

Bauer appeals.

ANALYSIS

Bauer contends that the court erred by concluding that Re:novo was exempt from the RLTA and that it therefore abused its discretion by denying an order for limited dissemination on those grounds. UGM contends that the issue is moot. We conclude that the issue is not moot. We also conclude, without

---

[1] COVID-19 is the World Health Organization's official name for "coronavirus disease 2019," a severe, highly contagious respiratory illness that quickly spread throughout the world after being discovered in December 2019.

2

reaching the issue of whether Re:novo is exempt from the RLTA, that the court

abused its discretion when it failed to enter an order of limited dissemination.

## Mootness

"A case becomes moot when a court can no longer provide effective

relief." Gronquist v. Dep't of Corr., 196 Wn.2d 564, 569, 475 P.3d 497 (2020).

Here, Bauer seeks an order for limited dissemination, which prevents tenant

screening agencies from using the existence of the unlawful detainer action in a

report about the tenant. RCW 59.18.367(3). But the fact that the unlawful

detainer action was dismissed does not render the relief ineffective—orders for

limited dissemination prevent the existence of the *action* from being used in

tenant screening reports, not just orders actually terminating tenancy. Renters

may be "disqualified from the rental market almost entirely due to past eviction

lawsuits" appearing on screening reports. ERIC DUNN & MARINA GRABCHUK,

Background Checks and Social Effects: Contemporary Residential Tenant-

Screening Problems in Washington State, 9 SEATTLE J. SOC. JUST. 317, 320

(2010). This issue is therefore not "purely academic," contrary to UGM's

contention; the relief Bauer seeks may have serious consequences on her future

ability to access housing. Ctr. for Biological Diversity v. Dep't of Fish & Wildlife,

14 Wn. App. 2d 945, 985, 474 P.3d 1107 (2020).

Our analysis is not changed by the fact that at the hearing, "UGM's

counsel stated that, so far as he is aware, UGM has no current intention of

disseminating information about this case to tenant screening service providers."

A tenant screening service's ability to include an unlawful detainer action in its

3

report does not depend on whether a landlord shares that information with the screening service, but on whether the court enters an order limiting dissemination of the action. See DUNN, supra, at 326 ("Tenant-screening reports also usually contain records concerning various forms of civil litigation, most of which are obtained directly from courts or court-maintained indices. . . . Most important are unlawful detainer (i.e., eviction) lawsuits."). We therefore address Bauer's appeal.

Order for Limited Dissemination

Bauer contends that the court abused its discretion by declining to enter an order for limited dissemination of the unlawful detainer action. We agree.

RCW 59.18.367(1) provides that "[a] court may order an unlawful detainer action to be of limited dissemination . . . if . . . [t]he court finds that the plaintiff's case was sufficiently without basis in fact or law." Because the court "may" enter an order for limited dissemination, we review the court's decision whether to do so for abuse of discretion.[2] Mainline Rock & Ballast, Inc. v. Barnes, Inc., 8 Wn. App. 2d 621, 625, 439 P.3d 676 (2019) ("The word 'may' denotes the trial court

_____

[2] Bauer contends that rather than being discretionary, RCW 59.18.367 makes an order for limited dissemination mandatory when the unlawful detainer has no basis in fact or law. The statute provides that the court may enter the order if "(a) The court finds that the plaintiff's case was sufficiently without basis in fact or law; (b) the tenancy was reinstated under RCW 59.18.410 or other law; or (c) other good cause exists for limiting dissemination of the unlawful detainer action." RCW 59.18.367(1). Bauer contends this third open-ended basis indicates that the first two grounds make a limited dissemination order mandatory, but this contradicts the plain language of the statute, indicating that the court "may" enter the order for any of the listed reasons. However, we agree with Bauer that given the public policy considerations and impact on tenants, ordinarily a court should exercise its discretion to enter an order for limited dissemination where the plaintiff's case was without basis in fact or law.

holds discretion.").  "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons."  Id. at 626.

In this case, the court stated that it "agree[d] with the defense request for an order limiting dissemination" but had to "give some thought" to the request because it had concluded that Re:novo was exempt from the RLTA.  UGM did not object to entry of the order, and even offered that the court could "order – you know, limit dissemination without us conceding or the Court having to decide that [the RLTA] applies."  But ultimately, the court decided that, because "RCW 59.18.367 is part of the RLTA," and Re:novo was exempt from the RLTA, it would not enter a limited dissemination order.  It therefore appears the court based its decision not to enter the order on its conclusion that it did not have authority to do so.  For the reasons explained below, this conclusion is incorrect. We therefore conclude that the court abused its discretion.[3]  Dix v. ICT Grp., Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007) ("If the trial court's ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis it necessarily abuses its discretion.").

---

[3] Bauer and UGM focus their briefing on the question of whether Re:novo is exempt from the RLTA under RCW 59.18.040(1).  Because we conclude that the court had authority to enter the order regardless of whether the RLTA applies, we need not reach this issue.  We note, however, that the legislature's addition to the RLTA of provisions regarding transitional housing indicates that the provision of supportive and stabilizing services is not sufficient to establish that a housing program is exempt from the RLTA.  See RCW 59.18.030(38) (defining "Transitional housing"); RCW 59.18.650(2)(j) (enumerating a good cause reason to evict a tenant from transitional housing).  We also note that there appear to be significant factual disputes in this case as to the extent of the religious nature of Re:novo housing, making it difficult to discern whether "residence is merely incidental to  . . . the provision of . . . religious . . . services." RCW 59.18.040(1).

No. 83185-2-I/6

Here, the court's dismissal of the unlawful detainer action was based on its conclusion that Seattle's eviction moratorium suspended UGM's right to evict Bauer. UGM brought its unlawful detainer action based only on its allegation that Bauer was holding over in her possession of the apartment, but the eviction moratorium provided that "[a] residential landlord shall not initiate an unlawful detainer action . . . unless the unlawful detainer action . . . is due to actions by the tenant constituting an imminent threat to the health or safety of neighbors, the landlord, or the tenant's or landlord's household members." Seattle Resolution 31938, Ex. B (Mar. 16, 2020), http://clerk.seattle.gov/~archives/Resolutions/ Resn_31938.pdf [https://perma.cc/R8VN-AY9P]; City of Seattle, Office of the Mayor, Executive Order 2020-06, at 4 (June 3, 2020) (extending moratorium to Aug. 1, 2020), https://durkan.seattle.gov/wp-content/uploads/sites/9/2020/06/ Executive-Order-2020-06-Continued-Extension-of-COVID-19-Closures-and-Relief-Policies-signed.pdf [https://perma.cc/W36J-P64T]. UGM did not have the right to bring that action before the moratorium expired, and conversely, Bauer had the right to not have that action brought against her, where it could then appear on tenant screening reports and hinder her ability to find housing.

In such a case, the court had equitable authority to limit the dissemination of the improperly brought action. "Where there is a substantive legal right . . . and the procedure prescribed by statute for the enforcement of such right is inadequate or the ordinary and usual legal remedies are unavailing, it is the province of equity to afford proper relief, unless the statutory remedy is exclusive." Rummens v. Guar. Tr. Co., 199 Wash. 337, 347, 92 P.2d 228 (1939).

6

No. 83185-2-I/7

Here, the emergency order prohibited residential landlords from initiating an unlawful detainer action except for certain reasons, and UGM initiated the action anyway. The emergency order provided a remedy of establishing a defense to any eviction actions, and noted that the court could grant a continuance for any eviction action to a time after the moratorium. Seattle Resolution 31938, Ex. B, §1(c) (Mar. 16, 2020), http://clerk.seattle.gov/~archives/Resolutions/Resn_ 31938.pdf [https://perma.cc/R8VN-AY9P]. This remedy does not appear to be exclusive, and appears inadequate to protect Bauer from the impact that the unlawful detainer action's existence could have on her future housing search. Therefore, the court should have exercised its equitable power to prohibit tenant screening services from using the unlawful detainer action against Bauer.

We reverse in part and remand for the court to enter an order for limited dissemination.

*Smith, A.C.J.*

WE CONCUR:

7