**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| GATEWAY PROPERTY MANAGEMENT, a division of Kekeba, LLC and EVERGREEN MOBILE HOMEOWNERS COOPERATIVE, | No. 85681-2-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JEFF TINNERSTET, MANDY YORK, and ALL SUB-TENANTS, | |
| Appellants. | |

BIRK, J. — After Jeff Tinnerstet and Mandy York paid their required past due rent and court costs in an unlawful detainer action, they moved to reinstate their tenancy and requested an order of limited dissemination, which would have prohibited tenant screening agencies from referencing the unlawful detainer action. RCW 59.20.310(3). The trial court reinstated Tinnerstet and York's tenancy; however, it denied their request for an order of limited dissemination. Because the trial court did not abuse its discretion, we affirm.

I

Tinnerstet and York rented a unit space in Evergreen Mobile Homeowners Association's[1] park, where they resided in their mobile home. Gateway Property

---

[1] The unlawful detainer complaint refers to "Evergreen Mobile Homeowners Association" in the body of the complaint, however, the party in the case caption is "Evergreen Mobile Homeowners Cooperative."

Management has a contract with Evergreen to manage the park. During their tenancy, Gateway served Tinnerstet and York five separate 14 day notices to pay or vacate between March and October 2022. At the time of the October notice, Tinnerstet and York owed Gateway $1,650.00 in unpaid rent.

On November 8, 2022, Gateway brought an unlawful detainer action against Tinnerstet and York. On November 9, the trial court ordered York and Tinnerstet to appear at court for a show cause hearing on November 21, 2022.

Tinnerstet filed a handwritten response to the order to show cause, stating "I've been very busy with family, work, and my living situation" and during the last 20 days he and York "have been doing the 14 day COVID[2] lockdown. So no w[or]k has happened." Tinnerstet stated he had $1,500.00 towards his rent, and by the time of the court hearing, he would have the total amount. The show cause hearing was continued to November 28, 2022 so Gateway's attorney could confer with his client regarding payment.[3] The November 28 hearing was continued to December 12, 2022 after Tinnerstet stated he wanted an attorney.

---

[2] "COVID-19" is the World Health Organization's official name for "coronavirus disease 2019," a severe, highly contagious respiratory illness that quickly spread throughout the world after being discovered in December 2019. Coronavirus Disease (COVID-19), WORLD HEALTH ORG. (Mar. 28, 2023), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/question-and-answers-hub/q-a-detail/coronavirus-disease-covid-19 [https://perma.cc/B3MH-6CDL]; Seattle's Union Gospel Mission v. Bauer, 22 Wn. App. 2d 936 n.1, 938, 514 P.3d 710 (2022).

[3] Gateway's counsel gave the following synopsis of the first hearing:

So, we come before the Court the first time. There's no request for screening for an attorney. There's no request for anything, other than a statement was made to the Court that proved to be in error of an alleged I want to pay, I really want to pay and I've tendered these, which turned out not to be true, and then we asked him in court, well, do you have the money? Well, I say I have the

At the December 12 hearing,[4] Gateway stated "this is not our first time with [Tinnerstet and York] before this Court on the same issues, all of which have incurred substantial expenses without having properly addressed what they previously agreed to address anyway." Tinnerstet argued he intended to exercise his right under RCW 59.18.410(2) to reinstate his tenancy by paying all rent due and any court costs or late fees. The trial court determined that Tinnerstet was required to pay $2,850.00 in unpaid rent, coupled with $197.00 in filing fees, and $155.00 in service of process fees. Because Tinnerstet did not have the full amount at the time of the hearing, the trial court issued a writ of restitution against the tenants. The following day, after Tinnerstet paid the required amount,[5] the trial court stayed enforcement of the writ of restitution until further order.

On December 13, 2022, Tinnerstet and York moved to reinstate their tenancy and for an order of limited dissemination pursuant to RCW 59.20.310. On December 27, 2022, the trial court reinstated Tinnerstet and York's tenancy after finding that Tinnerstet paid the total amount of past due rent and court costs. The trial court sought argument on the order limiting dissemination. Gateway objected to the order, arguing the discretionary nature of the statute "addresses the issue

---

money, but I don't have the money, but I'll get the money was the statement that was made.

The matter got continued so I could investigate this representation with respect to my client, which turned out to not be true.

[4] York was not present at this hearing.

[5] Tinnerstet paid a total of $3,372.00, which included $2,850.00 in unpaid rent, $197.00 in filing fees, $155.00 in service of process fees, an additional $150.00 for serving the writ of restitution, and a $20.00 clerk's fee for the issuance of the writ of restitution.

under the facts of this case that it would not be appropriate for the Court to be issuing an order limiting dissemination." Gateway additionally stated, "I don't think that under any circumstance should this person be entitled to an order of limited dissemination. They are fully taking advantage of every potential legal avenue that they have, and the record should reflect that fact." Tinnerstet and York argued there would be significant prejudice if the trial court were to deny the request. The trial court ultimately denied the request for an order of limited dissemination, stating:

> It is true that the defendants were exercising their legislative rights, and they did so properly in order to get the lease reinstated. However, they did so at a enormous cost to the plaintiff. And again, I agree with everything you're saying, [defense counsel], about what they're entitled to, no attorney's fees, all this kind of stuff. But, in cases like this I don't think limited dissemination is appropriate, I think that it is appropriate—or not appropriate for limited dissemination because of the history of this case and what it has taken in order to get to the point that the landlord ended up having to get to. So, I'm going to deny that.

Tinnerstet and York appeal.

II

Tinnerstet and York argue that the trial court abused its discretion by failing to provide an explanation of why it declined to enter an order for limited dissemination. Alternatively, they argue the trial court abused its discretion by denying the order when no evidence was presented in opposition to the motion. We disagree.

RCW 59.20.310(1)(b) provides that "[a] court may order an unlawful detainer action to be of limited dissemination . . . if . . . the tenancy was reinstated

4

by the court." Because the court "may" enter an order for limited dissemination, we review the court's decision whether to do so for abuse of discretion. Seattle's Union Gospel Mission v. Bauer, 22 Wn. App. 2d 934, 938, 514 P.3d 710 (2022) (citing Mainline Rock & Ballast, Inc. v. Barnes, Inc., 8 Wn. App. 2d 621, 625, 439 P.3d 676 (2019) ("The word 'may' denotes the trial court holds discretion.")). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Mainline, 8 Wn. App. 2d at 626. A decision is manifestly unreasonable or based on untenable grounds "if it rests on facts unsupported in the record." State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).

Here, the record supports the trial court's order. Gateway argued that "under the facts of this case" it would be inappropriate to order limited dissemination. The trial court agreed, stating that limiting dissemination was not appropriate "because of the history of this case and what it has taken in order to get to the point that the landlord ended up having to get to." The record shows the trial court based its decision to deny the order on the extensive efforts Gateway was required to take to recover its past due rent. Gateway attempted to recover rent starting March 29, 2022. It sent Tinnerstet and York notices to pay or vacate in March, April, July, August, and October 2022. After its fifth notice, Gateway initiated an unlawful detainer action. The action proceeded through three show cause hearings, two of which were continued because of Tinnerstet's representations. At the third show cause hearing, Gateway was promised payment of its past due rent. However, because Tinnerstet did not have the full

amount of money necessary to restore tenancy, the trial court ordered a writ of restitution. The following day, December 13, 2022, Tinnerstet paid the unpaid rent and court costs. Gateway incurred $4,670.75 in attorney fees and put in nine months of effort to recoup its unpaid rent. The trial court appropriately referred to the circumstances and history of the case, including the tenants' representations and actions. The trial court did not abuse its discretion by denying the order for limited dissemination.

III

Tinnerstet and York argue that we should apply Bauer's statement that "ordinarily a court should exercise its discretion to enter an order for limited dissemination" to cases involving reinstatement of tenancy. 22 Wn. App. 2d 938 n.2.

In Bauer, the landlord sought to evict its tenant from its transitional housing program, Re:novo. Id. at 936. The tenant showed the eviction moratorium in response to the COVID-19 pandemic barred her eviction. Id. at 936-37. The tenant sought an order limiting the dissemination of the unlawful detainer action. Id. at 936. The trial court granted the tenant's motion for summary judgment but denied an order limiting dissemination because Re:novo was exempt from the Residential Landlord-Tenant Act of 1973, ch. 59.18 RCW. Id. at 937. Bauer held the trial court abused its discretion by declining an order for limited dissemination because it based its decision on the erroneous conclusion that it lacked authority to enter the order. Id. at 939. Because the eviction moratorium barred the unlawful detainer action, the landlord did not have the right to bring the action. Id. at 940.

"In such a case, the court had equitable authority to limit the dissemination of the improperly brought action." Id.

In a footnote, Bauer declined to adopt the tenant's argument that RCW 59.18.367 makes an order for limited dissemination mandatory when the unlawful detainer has no basis in fact or law. Id. at 938 n.2. The court further stated, "However, we agree with Bauer that given the public policy considerations and [the] impact on tenants, ordinarily a court should exercise its discretion to enter an order for limited dissemination where the plaintiff's case was without basis in fact or law." Id.

In this case, Gateway's unlawful detainer action was not without basis in fact or law, and the record furnished a tenable basis for denying the order for limited dissemination. Tinnerstet and York fail to show a basis for appellate relief.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____          _____
Chung, J.                                          Dwyer, J.

7