## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MONICA E. BERNINGHAUS, | No. 58722-0-II |
| Respondent, | |
| v. | |
| TRAMAL C. WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J — Tramal Williams appeals the trial court's renewal of a sexual assault protection order (SAPO) against him.

RCW 7.105.405(4) states that a trial court is required to grant a motion to renew a SAPO unless the respondent proves *both* that (1) "there has been a substantial change of circumstances" and (2) "the respondent will not engage in, or attempt to engage in, physical or nonphysical contact with the petitioner when the order expires." The trial court found that Williams failed to prove either requirement.

Williams argues the trial court abused its discretion by applying an incorrect legal standard to determine if he had a change in circumstances to warrant denying the request for renewal. However, Williams does not argue that the trial court erred in finding that he failed to prove that he would not attempt to contact Monica Berninghaus. Therefore, we affirm.

FACTS

I. FACTUAL BACKGROUND

On July 4, 2022, Berninghaus, Williams, and William's wife attended a party at Williams's mother-in-law's house where Williams lived. Berninghaus and Williams's wife worked together. Berninghaus testified that after she left the party, Williams used his wife's phone to text Berninghaus and get her address. Berninghaus testified Williams came to her home and banged on the door until she let him in the garage. She stated, upon entering the garage, Williams forcibly kissed and groped her. Williams denied the allegations.

On July 11, Berninghaus petitioned for a one-year SAPO against Williams. Based on the events of July 4, 2022, Berninghaus argued that Williams sexually assaulted her.[1] The trial court found Berninghaus's testimony more credible and granted the protection order.

II. RENEWAL HEARING

In June 2023, Berninghaus filed a motion to renew the SAPO. At the renewal hearing, Williams maintained his innocence and argued he had not violated the order. Apparently addressing the underlying 2022 finding that sexual assault occurred, Williams also argued the prosecutor's office and military completed investigations[2] and did not bring any charges against him. Williams stated his wife had voluntarily left her job, where she worked with Berninghaus, and that they had placed their daughter in a different school to avoid any possible encounters with Berninghaus.

---

[1] According to Berninghaus's statements about the assault, the events would have carried over into the early morning of July 5, 2022.

[2] Williams was employed as a recruiter for the National Guard.

In deciding whether to grant the renewal, the trial court addressed the nonexclusive statutory factors in RCW 7.105.405(5) to determine if there was a substantial change in circumstances warranting a denial of the request. The court stated:

> The issues that the Court address[es] [are], first, whether [Williams] has committed or threatened sexual assault since then? No, the Court cannot find that.
> Whether [Williams] has violated the terms of the protection order since the last entry of the order? The Court does not find that. Whether [Williams] has exhibited suicidal ideation or attempts since the order was issued? The Court cannot find that. Whether [Williams] has been convicted of criminal activities since the order was issued? The Court cannot find that.
> Whether [Williams] has continued involvement with drugs or alcohol if such abuse was a factor in the protection order? The Court cannot find that.

2 Rep. of Proc. (RP) at 86-87.

In addressing the fifth factor, the court stated:

> However, the section, []Whether [Williams] has either acknowledged responsibility for the acts of sexual assault, or successfully completed state certified perpetrator's treatment program or counseling since the protection order was entered?
> Here, the Court finds that this section of the RCW is relevant. The Court cannot find that [Williams] has met his burden, and proven to this Court by a preponderance of the evidence, that there has been a substantial change of circumstance, such as either acknowledge your responsibility or successfully completing counseling or state certified perpetrator's treatment.
> *Therefore, this Court feels it is obligated and I'm required—excuse me—to grant [Berninghaus's] request under the RCWs.*

2 RP at 87 (emphasis added).

In its written order, the court found that "[Williams] did not prove by a preponderance of the evidence that there has been a substantial change in circumstances as provided in RCW 7.105.405(5)." Clerk's Papers (CP) at 93. The court also found that Williams did not prove that he would not "engage in, or attempt to engage in, physical or nonphysical contact with the protected person when the order expires." CP at 93. The court renewed the order for five years instead of the ten requested.

3

Williams appeals.

## ANALYSIS

I.    RENEWAL OF SAPO

A.    Standard of Review

The decision to renew a protection order is reviewed for abuse of discretion.  *In re the Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010).  "An abuse of discretion is found if the trial court relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law."  *State v. Lord*, 161 Wn.2d 276, 284, 165 P.3d 1251 (2007).  Further, [t]he failure to exercise discretion is an abuse of discretion."  *Mainline Rock & Ballast, Inc. v. Barnes, Inc.*, 8 Wn. App. 2d 621, 626, 439 P.3d 676 (2019).

B.    Legal Principles

We may affirm on any basis supported by the record.  *Bavand v. OneWest Bank*, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).  Unchallenged findings of fact are verities on appeal.  *State Farm Fire & Cas. Co. v. Justus*, 199 Wn. App. 435, 448, 398 P.3d 1258 (2017).

Pursuant to RCW 7.105.405(4)(b), the court shall grant a motion for renewal of a sexual assault protection order "unless the respondent proves by a preponderance of the evidence that [(1)] there has been a substantial change in circumstances" and (2) they "will not engage in, or attempt to engage in, physical or nonphysical contact with the petitioner when the order expires."

To determine whether there has been a substantial change in circumstances, the court may but is not required to look at the factors set forth in RCW 7.105.405(5).  *See Prussak v. Prussak*, 27 Wn. App. 2d 451, 458, 536 P.3d 199 (2023).  Those factors include:

> (a) Whether the respondent has committed or threatened sexual assault; domestic violence; stalking; abandonment, abuse, financial exploitation, or neglect

4

of a vulnerable adult; or other harmful acts against the petitioner or any other person since the protection order was entered;

(b) Whether the respondent has violated the terms of the protection order and the time that has passed since the entry of the order;

(c) Whether the respondent has exhibited suicidal ideation or attempts since the protection order was entered;

(d) Whether the respondent has been convicted of criminal activity since the protection order was entered;

(e) Whether the respondent has either: Acknowledged responsibility for acts of sexual assault, domestic violence, or stalking, or acts of abandonment, abuse, financial exploitation, or neglect of a vulnerable adult, or behavior that resulted in the entry of the protection order; or successfully completed state-certified perpetrator treatment or counseling since the protection order was entered;

(f) Whether the respondent has a continuing involvement with drug or alcohol abuse, if such abuse was a factor in the protection order; and

(g) Other factors relating to a substantial change in circumstances.

RCW 7.105.405(5).

Williams takes issue with and focuses his sole assignment of error on the trial court's oral ruling that there had not been a substantial change in circumstances. However, we need not address this argument because Williams does not challenge the trial court's finding that Williams failed to prove he will not engage in contact with Berninghaus. RCW 7.105.405 requires Williams prove *both* elements: a substantial change in circumstances *and* that he will not "engage in, or attempt to engage in, physical or nonphysical contact with the petitioner when the order expires." RCW 7.105.405(4)(b).

The trial court expressly found that Williams did not prove that he will not engage in contact with Berninghaus. Williams did not assign error to this finding, so it is a verity on appeal. *Justus*, 199 Wn. App. at 448. And Williams presents no argument that the trial court erred in making this finding. Therefore, under RCW 7.105.405(4), the trial court was required to grant the motion to renew the SAPO.

Because we can affirm on any basis supported by the record, we affirm the trial court's order.

5

58722-0-II

II.     COSTS

Berninghaus requests costs and statutory attorney fees on appeal under RAP 14.2 and 14.3, if she is the prevailing party.  Berninghaus is the prevailing party, so we award her costs in an amount to be set by our commissioner.

CONCLUSION

We affirm the trial court's renewal of the SAPO.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Cruser, C.J.

6